(No. 54545.— )

THE PEOPLE *ex rel.* TYRONE C. FAHNER, Attorney General, *et al.*, Appellants, v. AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Appellee.

*Opinion filed October 21, 1981.*

480

Tyrone C. Fahner, Attorney General, of Springfield, and Dore & Clark, Ltd., Special Assistant Attorneys General, of Chicago (Cornelius F. Dore, William G. Clark, Jr., and Ilene M. Davidson, of counsel), for appellants.

Henry L. Mason III and David W. Carpenter, of Sidley & Austin, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The Attorney General of Illinois filed a declaratory judgment action (Ill. Rev. Stat. 1979, ch. 110, par. 57.1) in the circuit court of Cook County, charging that American Telephone and Telegraph Company (AT&T) has never filed a message tax return as required by "An Act in relation to a tax upon persons engaged in the business of transmitting messages" commonly called the Messages Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 467.1 *et seq.*). The suit sought a declaration by the court (1) that AT&T was a person engaged in the business of transmitting messages within Illinois; (2) that as such a person AT&T was liable to Illinois for a tax upon its gross receipts as provided by the Act; and (3) that AT&T must henceforth file messages tax returns and pay messages taxes, as well as file returns and pay taxes for all prior years "deemed appropriate." The defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted was denied by the trial court, but was allowed following the filing by AT&T of a motion to reconsider. The Attorney General appealed to the appellate court, and we granted leave to transfer the appeal to this court pursuant to Rule 302(b) (73 Ill. 2d R. 302(b)).

The Messages Tax Act is a self-assessment tax imposed upon the gross receipts of those persons engaged in the business of transmitting messages within the State. (Ill. Rev. Stat. 1979, ch. 120, par. 467.2.) It complements the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*) by imposing a tax on persons engaged in the business of providing message transmission "services" as opposed to those who "sell" personal property at retail. The Messages Tax Act incorporates by reference several of the provisions of the Retailers' Occupation Tax Act (see Ill. Rev. Stat. 1979, ch. 120, par. 467.5), including section 5 of that act (Ill. Rev. Stat. 1979, ch. 120, par. 444). That section sets out in

detail the steps to be taken and the procedure to be employed by both the Department of Revenue, as well as the taxpayer, in cases where no return is filed or a dispute arises as to the amount of tax owed. The section specifically states that in case any person fails to file a return, "the Department shall determine the amount of tax due from him according to its best judgment and information, which amount so fixed by the Department shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due, as shown in such determination." (Ill. Rev. Stat. 1979, ch. 120, par. 444.) The section further provides that once this assessment becomes "final," and after the time for review under the Administrative Review Act has passed (Ill. Rev. Stat. 1979, ch. 110, pars. 264, 267), the Department may file suit in the circuit court and reduce its assessment to a money judgment.

Although AT&T admits that it has not filed a messages tax return or paid a single dollar of messages tax for over 40 years, it maintains the failure to do so results from the fact that all of its revenues are derived from interstate services, which are exempt from taxation (Ill. Rev. Stat. 1979, ch. 120, par. 467.2). It argues that Illinois Bell Telephone Company is the subsidiary of AT&T which provides message services within Illinois and consequently pays messages taxes. AT&T argues that in the case at bar the Attorney General is improperly attempting to bypass the statutory scheme for the enforcement of the Act and challenge AT&T's position directly in the circuit court instead of following the prescribed administrative procedure. In support of this contention, AT&T points out that the Department has never made an assessment of AT&T's messages tax liability, and that no hearings have ever been held or any other action taken as required by statute as a prerequisite to the filing of a suit on behalf of the Department of Revenue. A preliminary audit of AT&T was begun in April of 1980, but was "suspended" in August of that year after the trial

court dismissed the Attorney General's complaint because the State had invoked its administrative remedy by commencing the audit.

The Attorney General, while seeking a declaration that AT&T is a taxpayer within the meaning of and subject to the Messages Tax Act, nonetheless, contends that he need not follow the administrative procedures provided for enforcing the provisions of the Act. This action, as originally filed, was not brought in the name of the Director of the Department of Revenue, although the Department is vested with the authority and duty of enforcing and applying the Act. The action was brought in the name of the People of the State of Illinois *ex rel.* William J. Scott, Attorney General. The Director of the Department of Revenue was not made a party until the Attorney General so moved, in conjunction with his motion to vacate the trial court's order of dismissal. No objection has been made to the standing of the Attorney General to maintain the action in this manner. It is the position of the Attorney General that he has the inherent authority to maintain this action on behalf of the People of this State and to seek a declaration that AT&T is a taxpayer under the Act. He argues that once such a judicial declaration has been made, the Department can then proceed administratively. He contends that it is more expeditious to have such a declaration before resorting to administrative determinations. He argues that this action was filed in the interests of judicial economy and that the threshold question is whether AT&T is a taxpayer under the Act, and that this question can be determined in this proceeding.

In almost all cases dealing with the questions before us it has been the taxpayer who has sought judicial relief in tax matters, instead of following the administrative provisions of the statute. It is well established that, in cases which seek to avoid the statutory procedures relating to the assessment and collection of taxes, relief by way of declaratory judgment should not be afforded in a tax case that did not merit

relief in chancery by way of injunction. (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 322; *People ex rel. Hamer v. Jones* (1968), 39 Ill. 2d 360, 369; *Goodyear Tire & Rubber Co. v. Tierney* (1952), 411 Ill. 421, 431.) Although the existence of another remedy does not ordinarily preclude bringing an action for declaratory judgment, in revenue cases it is the rule, applying general equitable principles, that relief by way of declaratory judgment is not available if the statute provides an adequate remedy at law. *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 322; see *Sta-Ru Corp. v. Mahin* (1976), 64 Ill. 2d 330, 333.

In the trial court the doctrine of "primary jurisdiction" and the doctrine of "exhaustion of remedies" were argued, and references to those doctrines have been made in this court. The Attorney General argues that the doctrine of "primary jurisdiction" does not preclude judicial action in cases involving administrative agencies. That is, he contends, although the Messages Tax Act may vest primary jurisdiction in the Department of Revenue to assess and collect the messages tax, that fact does not preclude the court from determining, in a declaratory judgment action, that AT&T is a taxpayer. We cannot more clearly state the doctrine of "primary jurisdiction" and its distinction from the doctrine of "exhaustion of administrative remedies" than did the Supreme Court in *United States v. Western Pacific R.R. Co.* (1956), 352 U.S. 59, 63-64, 1 L. Ed. 2d 126, 132, 77 S. Ct. 161, 165, where the court stated:

"The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. 'Exhaustion' applies where a *claim is cognizable in the first instance by an administrative agency alone*; judicial interference is withheld until the administrative process has run its course. 'Primary jurisdiction,' on the other hand, ap-

plies *where a claim is originally cognizable in the courts,* and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." (Emphasis added.)

See generally 3 K. Davis, Administrative Law §§ 19.01 through 20.10, at 1-115 (1958), 1970 Supp. at 624-69, 1976 Supp. at 435-68, 1978 Supp. at 142-57; L. Jaffe, Judicial Control of Administrative Action 121-51, 424-58 (1965); see also Annot., 1 L. Ed. 2d 1596 (1957).

Under the previous holdings of this court cited above, an action for declaratory judgment can be maintained in revenue cases where the procedure for assessing and collecting taxes is specifically provided by statute only in situations where the party bringing the action does not have an adequate remedy at law. Therefore, in cases in which the statute does provide an adequate remedy at law, an action in such a case is not one cognizable in the first instance in the courts but is a matter properly maintained in the first instance by an administrative agency alone. Thus these tax cases fall within and are controlled by the doctrine of exhaustion of remedies and not the doctrine of primary jurisdiction as those two doctrines are defined and explained in the above authorities.

Also, article IX, section 1, of the 1970 Illinois Constitution vests in the General Assembly the exclusive power to raise revenue. This court has held that, by virtue of constitutional provisions, taxation is a legislative, and not a judicial function. (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 323.) The legislature, in the exercise of this power, has provided in a detailed way for the assessment and collection of the messages tax (Ill. Rev. Stat. 1979, ch. 120, par. 467.1 *et seq.*), including a review of all final administrative decisions of the Department of Revenue by

the courts under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*). This court noted in *Calderwood Corp. v. Mahin* (1974), 57 Ill. 2d 216, the exclusive nature of such a right to review in revenue cases and held that the taxpayer could not enjoin the collection of taxes under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 440 *et seq.*). The court held that the taxpayer was obliged to seek relief under the Administrative Review Act and that the taxpayer proceeded improperly when it sought injunctive relief. In our case we must view the action of the legislature, acting within its exclusive constitutional power to raise revenue, by enacting the Messages Tax Act, to have vested in the Department of Revenue alone the authority to administer the Act. The doctrine of exhaustion of administrative remedies thus precludes the bringing of the declaratory judgment action by the Attorney General.

In *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, the taxpayer, Illinois Bell Telephone Company, sought a declaratory judgment that certain of its revenues were exempt from the same tax we are considering in this case. In that case this court held that the exhaustion doctrine applied to proceedings under the Messages Tax Act. The court recognized that the doctrine, if strictly applied, could sometimes produce inequitable results and noted that exceptions have been recognized where an ordinance or statute is attacked as unconstitutional in its entirety (*Bright v. City of Evanston* (1956), 10 Ill. 2d 178); where multiple remedies exist before the same zoning board and at least one has been exhausted (*Herman v. Village of Hillside* (1958), 15 Ill. 2d 396); or where irreparable harm will result from further pursuit of administrative remedies (*Peoples Gas Light & Coke Co. v. Slattery* (1939), 373 Ill. 31). A further exception was noted in *Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 88, which stated that a party will not be required to exhaust his administrative remedy when it

would be patently useless to do so.

The Attorney General does not argue that any of these exceptions are applicable to this proceeding. Instead, as noted above, he urges that the court should determine the threshold question of whether or not AT&T is a taxpayer within the meaning of the Act before proceeding with the administrative determination of the tax. However, by following the procedure set out in the Act, the Department of Revenue, on behalf of the People of this State, can secure a determination that AT&T is a taxpayer subject to the Act, and a judicial review of the administrative determination of that question can be had as provided in the Act through the Administrative Review Act. It may be that, by first obtaining a declaratory judgment, the proceedings would be substantially shortened. However, we are not in a position to make that determination. In any event, as salutary as this result may seem, it should not be allowed to circumvent or avoid a statutory proceeding which provides an administrative means of making such a determination. This procedure would oust the Department of Revenue from the jurisdiction conferred upon it by statute.

In *Illinois Bell Telephone Co. v. Allphin,* this court stated that its ruling requiring the exhaustion of administrative remedies, including review under the Administrative Review Act, except in the situations noted, was in furtherance of the legislative goal evidenced by the adoption of the Administrative Review Act. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 359.) We likewise believe requiring the procedure specified in the Messages Tax Act to be followed, excluding declaratory judgment by either the taxpayer or the State, except in the instances noted in *Illinois Bell Telephone Co.* and *Northwestern University,* to be in furtherance of the legislative goals evidenced by the adoption of the Messages Tax Act. It must be kept in mind that the legislature, in enacting the Act, was exercising authority exclusively granted to it by the Constitution.

The same argument of expediency now made by the Attorney General could be made by anyone the Department claims is a taxpayer and against whom it threatens to make an assessment. Under *Illinois Bell Telephone Co. v. Allphin,* such a person could not seek or obtain a preliminary declaratory judgment that he was or was not a taxpayer before submitting to the statutory administrative procedures for making such a determination and the assessment of a tax. The declaratory judgment remedy should likewise not be available to the State.

For the reasons herein expressed, we hold that the order of the circuit court of Cook County dismissing the plaintiff's complaint for declaratory judgment and entering judgment for the defendant AT&T was not erroneous.

*Judgment affirmed.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.