*In re* APPLICATION OF THE COOK COUNTY COLLECTOR FOR THE 1981 TAX YEAR (The People *ex rel.* Edward J. Rosewell, Cook County Collector, Applicant-Appellee, v. Bernard Heerey, Objector-Appellant).

First District (1st Division)   No. 87—1298

Opinion filed August 15, 1988.

Nisen, Elliott & Meier and Gordon H. Millner, Ltd., both of Chicago (James A. Rooney and Gordon H. Millner, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Mark R. Davis, Assistant State's Attorneys, of counsel), for appellee.

Lapin, Hoff, Spangler & Greenberg and Flanagan, Bilton & Brannigan, both of Chicago (James C. Spangler and Dean H. Bilton, of counsel), for *amicus curiae* Chicago Bar Association.

JUSTICE BUCKLEY delivered the opinion of the court:

Taxpayer Bernard Heerey appeals from the dismissal of a tax objection for failure to exhaust administrative remedies. For the reasons set forth below, we reverse.

To understand the import of the facts of this case, it is necessary to understand the procedures for challenging property tax assessments authorized and described in the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 482 *et seq.*). Property taxes are computed through a complex formula which includes as a variable the assessed valuation of the subject property. Taxes are then levied and the owner of the property becomes personally liable for the property taxes upon the tax lien date, January 1 of the year for which the taxes were assessed.

Although the taxation process itself is generally not susceptible to challenge, the taxpayer may challenge the assessed valuation of the property on the grounds that the assessment was mistaken or fraudulent. If the taxpayer challenges the assessment, he first may file an assessed valuation complaint at the assessor's office. No face-to-face hearing need be held in conjunction with the assessed valuation complaint, although hearing officers are available for that purpose; the complaint is taken in documentary form in an informal proceeding where the taxpayer may present any materials that show that the assessment was incorrect.

If the results of the informal hearing are unsatisfactory, the taxpayer may next file a complaint with the Cook County Board of (Tax) Appeals (the Board). In fact, the taxpayer may bypass the Cook County assessor's office and file directly with the Board. Once the complaint is filed, the taxpayer is given a date for a formal hearing. In the hearing, the Board decides whether the assessed valuation of the subject property was correct. If the valuation is deemed incorrect, the property taxes are revised accordingly. If the valuation is ruled correct, however, the taxpayer must pay his taxes. The taxpayer may, however, pay under protest.

If the taxpayer chooses not to pay the property taxes, the tax collector files an application for judgment and order of sale against the

property. Once the taxpayer has sought relief before the Board and paid his taxes under protest, he has met the jurisdictional requirements of the circuit court and may file a specific tax objection to the collector's application in the circuit court. The circuit court will hold a trial *de novo* on the issues presented. It is against this procedural background that the instant case unfolds.

On December 10, 1982, appellant Bernard Heerey filed a specific tax objection to 1981 real estate taxes levied on his property located at 65 East Walton Street in Chicago. The objection alleged that the assessed value of the property was excessive and sought refund of the amount of taxes that were allegedly excessive. The objection also included the *pro forma* allegations that administrative remedies had been exhausted and that the taxes had been paid under protest. From June 1983 to September 1986, the parties engaged in a protracted discovery battle not material to this appeal.

On September 30, 1986, Heerey's objection was dismissed for lack of standing on the motion of Edward Rosewell, the appellee-tax collector (the Collector). The Collector's motion argued that because Heerey had not personally appeared before the Board, he had failed to exhaust his administrative remedies. The complaint before the Board had been filed not by Heerey, but by Robert D. Stone, to whom Heerey had transferred the subject property in April 1981.

In an amended objection, Heerey further alleged that he owned the property on the tax lien date of January 1, 1981, and had remained owner until April 21, 1981, when he transferred the property to Stone. Stone had filed the complaint before the Board on April 8, 1982. In a second-amended objection, Heerey added that at the time of the transfer of the property, he and Stone had entered into a proration agreement, in which each would pay a share of the 1981 taxes in proportion to the length of time they had owned the property in 1981. The Collector stood on his motion to dismiss in both instances, and on October 9, 1981, the trial court dismissed the second-amended objection for lack of exhaustion of administrative remedies.

On November 6, 1985, Heerey filed a motion to reconsider and vacate the order of October 9 and also moved to file a third-amended objection. The third-amended objection alleged, in addition to the facts above, that Heerey had requested Stone to take necessary steps to determine the property value and that Stone had filed the complaint before the Board on Heerey's behalf. In a memorandum opinion and order dated April 1, 1987, the trial court denied both motions. Heerey subsequently appealed.

The principal issue before us is whether the complaint before the

Board filed by Robert Stone sufficed for Bernard Heerey to meet the jurisdictional requirement of exhaustion of administrative remedies. Given the rationale for the doctrine of exhaustion, the *in rem* nature of the complaint before the Board, and practical problems inherent in the property tax objection process, we hold that the jurisdictional requirement of exhaustion was met and that Heerey's tax objection may proceed in the circuit court.

■ We first address the effect of a personal exhaustion requirement on the doctrine of exhaustion of remedies. The doctrine of exhaustion of remedies is a judicially created doctrine that precludes a party from seeking review in the courts without first pursuing all administrative remedies available. Heerey argues, and the court agrees, that a personal exhaustion requirement would result in an unwarranted expansion of the exhaustion doctrine.

The principal reason for exhaustion of administrative remedies in property tax cases is to afford the tax authorities an opportunity, in the first instance, to correct fraudulent or excessive assessments. (*Shappert Engineering Co. v. Weitemeyer* (1966), 34 Ill. 2d 97, 99, 213 N.E.2d 530, 531.) In the process of property tax objections, the sole issue in the complaint before the Board is the accuracy of the assessment of the subject property.

■ In the instant case, the complaint filed by Robert Stone gave the Board the opportunity to review the assessment. The Board's ruling that the assessment was correct established the extent of Bernard Heerey's tax obligation with respect to the subject property. No other issues would have been decided, nor would Heerey's obligations have differed, had Heerey been required personally to appear to represent his particular interest in the property.

The principal reason for exhaustion of remedies was satisfied in the instant case and would appear to be satisfied in all property tax objections as long as the complaint was filed before the Board. To require that each person with an interest in the property appear personally before the Board would add a step presently unnecessary to serve the purpose of the exhaustion doctrine. The court is therefore reluctant to engraft a "personal" exhaustion requirement in the context of property tax objections.

A second factor supports the decision of the court. The nature of the hearing before the Board favors Heerey's contention that because the sole purpose of the Board of Review is to determine the fair cash value of the property, it should make no difference who files the complaint before the Board. The proceeding before the Board is a suit against the subject property, and judgment is entered against the

property. Moreover, the tax assessment follows the property. Although the property owner may be liable for an *in personam* judgment against him for the amount of the taxes, the property owner may, and usually does, transfer his tax liability when he sells the property by entering into a proration agreement with the buyer. Thus, the tax liability is arguably not that of a particular person but of the property.

Although the Collector correctly argues that an *in rem* proceeding adjudicates a person's rights and duties with respect to the *res* before the court, in the context of tax objections it is apparent that if the subject property was assessed at a given value, property taxes will be paid at the same rate by everyone with an interest in the property; rights and duties will not vary with respect to the property. In the instant case, then, Heerey would pay taxes calculated according to the same cash value that was determined when Stone filed the complaint before the Board of Review. Therefore, if the valuation of the property was determined by the Board, administrative remedies have been exhausted without regard to who filed the complaint before the Board, and the objector may proceed in court.

Heerey also argues that requiring a personal exhaustion in property tax cases would create special problems because the ownership relationships to property change over time. The Collector argues that the contractual proration agreements that usually accompany a transfer of property would adequately allocate the duties and interests in pursuing a tax objection. With respect to relationships other than buyer-seller, the Collector asserts that these are beyond the scope of the instant case. The facts here, however, notwithstanding the existence of a proration agreement between Stone and Heerey, illustrate the problems inherent in requiring "personal" exhaustion of remedies.

In the instant case, tax liability attached January 1, 1981. In April 1981, the property was transferred and the complaint was filed before the Board. The installment of taxes upon which the complaint was based was not due until August 1982. The specific objection, in response to the Collector's application for judgment, was filed in December 1982. Thus, the objection took place over two years, a usual time period for the objection process. During the pendency of the objection, Heerey remained personally liable for the entire amount of taxes and had little practical control of the objection process. The difficulties that Heerey faced would only be amplified where the interests in the property were more complex.

Some ownership relations to property are time-bound, such as buyer-seller, landlord-tenant, life-estate-remainderman. Other relationships are concurrent, or do not arise at a discernible time, such as

joint tenancies in common, partnerships, and trusts. Despite changing relationships, the owner or owners of the subject property on the tax lien date would remain liable for the taxes for the entire year, but would relinquish practical control of the objection process if he transferred the property. Further, the personal exhaustion rule would necessarily require that all parties with an interest in the property be identified, complicating pending cases and future real estate closings, perhaps beyond resolution.

Finally, we also reverse the trial court's dismissal of the amended objections and denial of Heerey's motion to file a third-amended objection. The trial court adopted the position that personal exhaustion was necessary and dismissed the amended objections for lack of standing for failure to exhaust administrative remedies.

In summary, we hold that a tax objector need not personally appear before the Board of (Tax) Appeals. The jurisdictional requirement of exhaustion of remedies is satisfied in tax objections where a complaint has been filed and the assessment of the subject property has been heard before the Board of (Tax) Appeals. Therefore, the trial court's rulings are reversed, and Heerey's tax objection may proceed to hearing on the objection as amended.

Reversed and remanded.

QUINLAN and MANNING, JJ., concur.