MITRI DOZORETZ, Plaintiff-Appellant, v. WILSON FROST *et al.*, Commissioners of the Cook County Board of Appeals, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—88—2374

Opinion filed September 17, 1990.

232

Kenneth N. Flaxman and Joel Monarch, both of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry and Mark R. Davis, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from Mitri Dozoretz's (plaintiff's) action in the circuit court seeking a declaratory judgment and *mandamus* relief as to his right to present underassessment complaints to the Cook County Board of Appeals (the Board). Defendants—the Board, Wilson Frost and Thomas Jaconetty, commissioners of the Board—filed motions to dismiss plaintiff's action under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Plaintiff appeals from the circuit court's order granting defendants' motions. We reverse.

Plaintiff owns and pays property taxes on his residence in the Village of Skokie, Niles Township, Illinois. He has served as an elected member of the Board of Education of Cook County School District No. 68 in Niles Township, and he assumed the elected office of school board president in November 1987.

In April 1987, plaintiff filed complaints with the Board alleging that certain commercial parcels of real property in Niles Township were underassessed for the 1986 tax year. The school district adopted a resolution to pay the costs and expenses for prosecution of plaintiff's underassessment complaints. Had plaintiff prevailed in these complaints, his taxes would have decreased $20 and the school district and other taxing districts would have received more than $1 million in additional revenue.

On May 14, 1987, the Board dismissed plaintiff's complaints on the ground that he lacked standing to pursue the underassessment complaints before the board.

Following the Illinois Supreme Court's denial of plaintiff's motion for leave to bring an action in *mandamus* in the supreme court, plaintiff, on December 2, 1987, filed an action for declaratory judgment in the circuit court. In his complaint, plaintiff sought a declaration that defendant Wilson Frost, the only sitting commissioner on the Board at the time, had a duty under the Revenue Act of 1939 (the Act) (Ill. Rev. Stat. 1987, ch. 120, par. 482 *et seq.*) "to hold a full evidentiary hearing and decide future underassessment complaints that plaintiff will file, notwithstanding plaintiff's status as a member of the Board of [Education] for the School District and without regard to the fact that the School District will pay the costs and expenses attendant to the prosecution of his underassessment complaints."

In April of 1988, before the circuit court ruled on plaintiff's request for declaratory relief, plaintiff filed 12 underassessment complaints with the Board. After a hearing in May 1988, in which plaintiff was not permitted to present any evidence as to the merits of his underassessment complaints, the Board again announced that plaintiff did not have standing to file the underassessment complaints.

On June 16, 1988, the circuit court, upon cross-motions for summary judgment, granted plaintiff summary judgment, holding that plaintiff had standing as a taxpayer to file underassessment complaints with the Board. Plaintiff presented the declaratory order to the Board, but the Board issued a written order denying plaintiff's underassessment appeals. Plaintiff then filed an emergency motion under section 2—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—701) for further relief in the circuit court, seeking a writ of *mandamus* directing the Board to hear and decide plaintiff's underassessment complaints. Commissioner Frost also filed an emergency motion for reconsideration of the circuit court's declaratory order.

On June 24, 1988, the circuit court granted the motion to reconsider and agreed to rehear the matter. The circuit court also granted, on June 27, 1988, plaintiff's motion to add Commissioner Thomas Jaconetty and the Cook County Board of Appeals as party defendants. On June 29, 1988, the defendants moved to dismiss plaintiff's action.

On July 15, 1988, the circuit court granted defendants' motion to dismiss plaintiff's complaint and vacated its prior declaratory judgment order. On appeal from this order, plaintiff contends that the court's reasons for vacating its declaratory judgment order were error and requests that we reverse the circuit court's dismissal of his action and re-

instate its declaratory order.

■ The legislature, in section 117 of the Act, has permitted "any taxpayer" to make underassessment complaints to the Board. (Ill. Rev. Stat. 1987, ch. 120, par. 598.) Section 113 of the Act, which sets forth the powers and duties of the Board, provides that, upon an underassessment complaint filed in conformance with the requirements of section 117 of the Act, "[the Board] shall hear complaints and revise assessments." Ill. Rev. Stat. 1987, ch. 120, par. 594.

In dismissing plaintiff's action and vacating its earlier declaratory order, the circuit court did not change its position as to plaintiff's rights under these statutory provisions, but found that the declaratory judgment and *mandamus* relief were not appropriate at that time because (1) the Board had the authority to determine its jurisdiction and its decision as to plaintiff's standing was the appropriate exercise of its authority; and (2) plaintiff had an adequate remedy under the Act by paying his tax under protest and filing an objection to the application for judgment.

■ As to the circuit court's first basis for its dismissal, defendants argue that review of the Board's decision is not authorized by law because the Board had discretion to determine its own jurisdiction. Defendants overlook, however, that Illinois courts, in determining the scope of an administrative body's power and authority, have consistently found an administrative body's jurisdictional determination not to be a discretionary act. (*E.g., Ogden-Fairmount, Inc. v. Illinois Racing Board* (1986), 147 Ill. App. 3d 789, 498 N.E.2d 882, *rev'd on other grounds* (1987), 119 Ill. 2d 154; *Chemetco v. Pollution Control Board* (1986), 140 Ill. App. 3d 283, 488 N.E.2d 639; *People ex rel. Thompson v. Property Tax Appeal Board* (1974), 22 Ill. App. 3d 316, 317 N.E.2d 121.) In *Thompson,* a case where the Act permitted administrative review of a property tax appeal board's decision, the court reviewed the determination of the board's statutory power and authority on the ground that it is a judicial function, not a question to be finally determined by the administrative agency itself. *Thompson,* 22 Ill. App. 3d at 321, 317 N.E.2d at 125.

■ Although plaintiff's complaint in the circuit court did not involve a direct administrative appeal[1] but sought to secure an advance

---

[1]The Act provides, in counties other than Cook, for review of a decision of the property tax appeal board in the courts under the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 120, pars. 590.1, 592.4; see *Schlenz v. Castle* (1986), 115 Ill. 2d 135, 142, 503 N.E.2d 241, 244), but does not provide this procedure for a taxpayer in Cook County (see *In re Application of Cook County Collector for the 1981 Tax Year* (1988), 173 Ill. App. 3d 821, 822-23, 527 N.E.2d 1045, 1046).

declaration of plaintiff's rights under section 117 of the Act to file future underassessment complaints before the Board, the court had the same authority to determine the Board's jurisdiction, as the statutory procedure of declaratory judgment merely affords a new, additional, and cumulative procedural method for the determination of parties' rights and duties (Ill. Rev. Stat. 1987, ch. 110, par. 2—701; Ill. Ann. Stat., ch. 110, par. 2—701, Historical & Practice Notes, at 6 (Smith-Hurd 1963); *Neuchiller v. Neuchiller* (1953), 351 Ill. App. 304, 114 N.E.2d 900; *Coven Distributing Co. v. City of Chicago* (1952), 346 Ill. App. 448, 105 N.E.2d 137.) Moreover, the principle that an agency has jurisdiction to *initially* determine its own jurisdiction (see *Metropolitan Distributors, Inc. v. Department of Labor* (1983), 114 Ill. App. 3d 1090, 1092, 449 N.E.2d 1000, 1002) is not violated here because plaintiff's complaint demonstrates that the Board initially determined its jurisdiction by its prior order dismissing plaintiff's complaint on standing grounds.

██ While the circuit court improperly vacated its declaratory order on the basis that it did not have the authority to determine plaintiff's standing to bring his complaints before the Board, its second finding that plaintiff had an adequate statutory remedy, if correctly determined, would be a sufficient basis for vacating the order and dismissing plaintiff's action. Although the existence of another remedy ordinarily will not preclude bringing a declaratory judgment action, declaratory relief is unavailable in revenue cases where the statute provides an adequate remedy. (*People ex rel. Fahner v. American Telephone & Telegraph Co.* (1981), 86 Ill. 2d 479, 427 N.E.2d 1226; *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252.) The parties here dispute the existence of an adequate remedy under the Act.

██ The Act allows taxpayers in Cook County to challenge real estate assessments both in a proceeding before the Board and in a tax objection proceeding in which the taxpayer pays his taxes under protest and files an objection to the application for judgment in the circuit court. (Ill. Rev. Stat. 1987, ch. 120, pars. 675, 716.) Defendant maintains that because the statutory objection procedure has been found to be appropriate for addressing underassessment claims similar to the one filed by plaintiff before the Board (see *Schlenz v. Castle* (1986), 115 Ill. 2d 135, 503 N.E.2d 241; *People ex rel. Kohorst v. Gulf, Mobile & Ohio R.R. Co.* (1961), 22 Ill. 2d 104, 174 N.E.2d 182) and because this procedure, outside of limited exceptions not applicable here, has been found to be an adequate remedy to preclude actions challenging the validity of tax assessments in

equity and declaratory judgment (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299; *La Salle*, 57 Ill. 2d 318, 312 N.E.2d 252), plaintiff's declaratory judgment action could not lie. While defendants have correctly set forth Illinois law relating to proceedings challenging the validity of tax assessments, they fail to realize that the relief plaintiff seeks in the declaratory judgment action is not a determination as to the validity of his tax challenge, but a declaration as to his statutory right to a hearing as to the merits of his claim before the Board.

■ Plaintiff could not have obtained his statutory right to a hearing before the Board in the tax objection proceeding. By the time plaintiff could pay his taxes under protest to obtain a tax objection proceeding, the Board would have lost its statutory authority to revise assessments. (Ill. Rev. Stat. 1987, ch. 120, pars. 606, 716.) Furthermore, a determination of plaintiff's underassessment claim in the tax objection proceeding would be inadequate not only because plaintiff would be denied a statutory avenue to pursue his claim, but also because plaintiff would bear a greater burden of proof in the tax objection proceeding than that before the Board. The Board has authority to revise any unjust assessment (Ill. Rev. Stat. 1987, ch. 120, par. 597), whereas a court in a tax objection proceeding is limited to reviewing whether the valuation has been fraudulently made (*Clarendon*, 56 Ill. 2d 101, 306 N.E.2d 299).

Accordingly, the circuit court erred in vacating the declaratory judgment order and dismissing plaintiff's action on the basis that it did not have authority to determine plaintiff's standing under the statute, as well as on the ground that plaintiff had an adequate remedy through the tax objection procedure. Nonetheless, because the circuit court's judgment may be sustained on other grounds having factual support in the record, it is necessary that we consider the contentions raised by defendants in the circuit court and argued now on appeal.

Defendants contend that the circuit court's finding that plaintiff was a "taxpayer" under section 117 of the Act was error, notwithstanding the fact that he is a resident property owner who pays real estate taxes and would benefit by a $20 tax reduction, because it is evident that the suit is for the benefit of the school district. The legislature's substitution of the words "any taxpayer" for the words "any person" when it amended section 117's predecessor (1931-32 Ill. Laws, Spec. Sess., §1, at 65; Ill. Rev. Stat. 1937, ch. 120, par. 314b) has been interpreted by courts as eliminating the Board's prior jurisdiction over complaints filed by taxing bodies.

(*People ex rel. Thomas v. Nixon* (1933), 353 Ill. 556, 187 N.E. 650; *People ex rel. McDonough v. Marshall Field & Co.* (1934), 355 Ill. 633, 189 N.E. 885.) Defendants assert that this intended legislative rule would be devoured were the "taxpayer" requirement found to be satisfied under the instant circumstances where plaintiff's legal fees and costs are paid by the school district and his attorney hired by the school district, where plaintiff is the president of the school board, and where plaintiff's estimated tax savings is minimal compared to the generation of additional revenue for the school districts.

The parties here have not cited any authority which has addressed the application of section 117 of the Act in this context. The circuit court, in granting plaintiff declaratory relief, relied on our supreme court's decision in *Turkovich v. Board of Trustees of the University of Illinois* (1957), 11 Ill. 2d 460, 143 N.E.2d 229. *Turkovich* involved an action brought under the established rule that a taxpayer may enjoin the misuse of public funds. Three individuals there sought to enjoin the expenditure of State funds for the construction of a television station at the University of Illinois based upon their status as taxpayers. The defendant board of trustees raised a standing argument similar to the one raised here under circumstances where a nontaxpayer association without standing to bring suit had violently opposed the operation of the television station, had exerted influence on plaintiffs to file the suit, and had paid plaintiffs' costs and attorney fees associated with the suit. The court, after noting its prior holdings that courts may go behind the parties on the face of the record where the filing of a suit is for the *exclusive* benefit of an unnamed party, concluded that plaintiffs had standing from the undisputed evidence that plaintiffs were taxpayers who would benefit from the suit. *Turkovich*, 11 Ill. 2d at 464, 143 N.E.2d at 231.

■ Based upon our supreme court's holding in *Turkovich*, we agree with the circuit court that plaintiff, who indisputably is a real property owner who pays taxes and who will financially benefit by the suit, is a "taxpayer" under section 117 of the Act. We reject defendants' argument that the supreme court's reasoning in *Turkovich* is inapposite to the interpretation of taxpayer under section 117 of the Act because the legislature's exclusion of corporations who have a personal stake in assessments evidences an intent not to make personal stake in an assessment the conclusive test of standing under section 17. We read *Turkovich* as more broadly holding that it is improper to go beyond the party on the face of the

record and inquire into his motives where the named party satisfies the requirements for bringing suit and has an interest in filing the suit.

■ Defendants also contend that we should affirm the circuit court's dismissal of the action and vacature of its prior declaratory judgment order because plaintiff failed to join the owners of the properties whose assessments plaintiff challenged. Defendants assert that the property owners are necessary parties because their presence was required "to protect an interest which [the owners had] in the subject matter of the controversy which would be materially affected by a judgment entered in [their] absence." (See *Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 623, 387 N.E.2d 946, 949.) Defendants' contention is without merit. The property owners' interests lie in the determination of the underassessment complaints before the Board, not in plaintiff's statutory right to bring underassessment complaints before the Board—the subject matter of the controversy before the circuit court. Plaintiff's action to compel the Board to comply with the statute will not conclude the property owners upon any question affecting their interest in the merits of plaintiff's underassessment complaints. The property owners will have an opportunity to appear before the Board upon a hearing of these complaints. Under these circumstances, the property owners are not necessary parties to this action. See *People ex rel. Jones v. Webb* (1912), 256 Ill. 36, 100 N.E. 224.

Accordingly, the circuit court's order dismissing plaintiff's declaratory judgment action and petition seeking a writ of *mandamus* is reversed and the circuit court is instructed to reinstate the order granting plaintiff a declaratory judgment.

Reversed and remanded.

MANNING, J., concurs.

JUSTICE CAMPBELL, dissenting:
I respectfully dissent from the majority opinion because it cannot be reconciled with the legislative intent of section 117 of "An Act to revise the law in relation to the assessment of property and the levy and collection of taxes, and to repeal certain Acts herein named" (the Revenue Act) (Ill. Rev. Stat. 1987, ch. 120, par. 598). In construing a statute, it is incumbent upon the court to ascertain and to give effect to the legislative intent by looking at the language of the statute and the purposes to be attained by the statute.

(*In re Petition of the Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 530 N.E.2d 491.) Section 117 was amended in 1931 to eliminate standing to municipal corporations to file overassessment and underassessment complaints with the Board of Tax Appeals and to limit standing to "taxpayers." See *People ex rel. Thomas v. Nixon* (1933), 353 Ill. 556, 187 N.E. 650; *People ex rel. McDonough v. Marshall Field & Co.* (1934), 355 Ill. 633, 189 N.E. 885.

It is well established that a party cannot circumvent the purpose of a statute by doing indirectly that which he cannot do directly. (*Kildeer*, 124 Ill. 2d 533, 530 N.E.2d 491.) In my opinion, this is exactly what the school board has done in the present case. Although plaintiff is a taxpayer, it is clear from the record that the real party in interest in this action is the school board. For example, it is undisputed that: (1) plaintiff is president of the school board; (2) the school board instigated the underassessment complaints by formal resolution; (3) plaintiff admitted that he represented the interests of the school board; (4) the school board authorized and directed the hiring of plaintiff's attorneys; and (5) the school board has agreed to pay all costs and expenses attendant to the prosecution of the underassessment complaints. In my opinion, these facts support the conclusion that when the school board recognized that it could not file an underassessment complaint pursuant to section 117 of the Revenue Act, it circumvented the statutory bar and took an indirect route by having plaintiff file the underassessment claim. If this type of flagrant disregard of the statutory mandates of section 117 remains unchecked, municipal corporations will have *carte blanche* to select a representative taxpayer to file its underassessment claims and thereby obfuscate the legislative intent behind section 117 that municipal corporations be denied standing.

For these reasons, I would affirm the trial court's order granting defendant's motion to dismiss plaintiff's complaint for declaratory judgment.