(No. 70990.—

# MITRI DOZORETZ, Appellee, v. WILSON FROST et al., Appellants.

*Opinion filed November 21, 1991.*

Cecil A. Partee and Jack O'Malley, State's Attorneys, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Daniel E. Cannon and Mary T. Nicolau, Assistant State's Attorneys, of counsel), for appellants.

Kenneth N. Flaxman and Joel R. Monarch, both of Chicago, for appellee.

JUSTICE MORAN delivered the opinion of the court:

This appeal originates from Mitri Dozoretz's (plaintiff's) action in the Cook County circuit court, where he sought a declaratory judgment enforcing his right to present underassessment complaints to the Cook County board of (tax) appeals (the Board). The Board, as well as Commissioners Wilson Frost and Thomas Jaconetty (collectively referred to as defendants) filed a motion to dismiss plaintiff's action under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Following the circuit court's granting of defendants' motion to dismiss, a divided appellate court reversed. (203 Ill. App. 3d 231.) Thereafter, this court granted defendants' petition for leave to appeal (134 Ill. 2d R. 315).

The two issues presented for our review are as follows. First, whether the definition of a "taxpayer" under section 117 of the Revenue Act of 1939 (the Act) (Ill. Rev. Stat. 1987, ch. 120, par. 482 *et seq.*) includes a person who owns, resides, and pays taxes on property, and has a personal stake, however minimal, in the outcome of the reassessment proceedings in question, but whose complaint is funded by a nontaxpaying entity. Secondly, if it is determined that plaintiff is a taxpayer, whether he is afforded an adequate remedy at law by paying the tax under protest and objecting to it within the annual collector's application proceeding; thus eliminating the need for equitable relief, as is sought in this case.

When plaintiff, a resident of Cook County, filed this action, he was a member of the board of trustees of Skokie School District No. 68 and had served as its president. Plaintiff filed complaints with the Cook County board of appeals alleging that he is a taxpayer and that certain commercial parcels of real estate in Niles Township were underassessed for the 1986 tax year. Among the assessments that plaintiff sought to challenge was that of a shopping center assessed at a fair market value of $30 million. The school district adopted a resolution authorizing the payment of legal and appraiser's fees to be incurred in prosecuting plaintiff's underassessment complaints. Had he prevailed in these complaints, his taxes would have decreased by approximately $20 and the school district (and other taxing districts) would have received more than $1 million in additional revenue. However, the Board dismissed plaintiff's complaints on the ground that he lacked standing to challenge those assessments because he had sought to proceed as a representative of a taxing district, instead of in his capacity as a taxpayer.

As a result, plaintiff filed the instant complaint for declaratory judgment, seeking a declaration that the Board had a duty under the Act "to hold a full evidentiary hearing and decide future underassessment complaints that plaintiff will file, notwithstanding plaintiff's status as a member of the Board of [Education] for the School District and without regard to the fact that the School District will pay the costs and expenses attendant to the prosecution of his underassessment complaints."

Prior to the court's decision on plaintiff's request for declaratory relief, plaintiff filed multiple underassessment complaints with the Board for the tax year 1987. After a hearing in which plaintiff was not permitted to present any evidence as to the merits of his complaints, the Board again announced that plaintiff lacked standing

to file the underassessment complaints for this year as well.

The court, upon cross-motions for summary judgment, granted plaintiff's request for a declaratory judgment, concluding that plaintiff was a taxpayer with standing to file underassessment complaints with the Board. Plaintiff then demanded that the Board hear and decide the merits of his underassessment complaints. However, the Board responded by issuing a written order denying plaintiff's appeals. Plaintiff thereafter filed an emergency motion pursuant to section 2–701 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2–701) for further relief in the circuit court, seeking a writ of *mandamus* directing the Board to hear and decide plaintiff's underassessment complaints. Commissioner Frost also filed an emergency motion for reconsideration of the court's declaratory order.

After the court granted defendants' motion to reconsider, defendants moved to dismiss plaintiff's action. The court then dismissed plaintiff's complaint and vacated its prior declaratory judgment order. On appeal, the appellate court reversed the trial court, holding that plaintiff is a "taxpayer" under section 117 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 598), and therefore he should be allowed to file complaints before the Board.

Section 117 of the Act provides, in part, as follows:

"*[C]omplaints* that any particular real property, described therein, is over assessed or under assessed or is exempt *may be made by any taxpayer.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 120, par. 598.

The appellate court determined that plaintiff is a taxpayer for purposes of this provision. Defendants contend that the appellate court misinterpreted the purpose of section 117, as well as this court's holding in *Turkovich v. Board of Trustees of the University of Illinois* (1957),

11 Ill. 2d 460; thereby erroneously concluding that plaintiff is a "taxpayer."

The interpretation of section 117 of the Act, as far as determining what is meant by the word "taxpayer," is a case of first impression in Illinois. Defendants submit that the appellate court's decision allowing the school district of Niles Township to file complaints, via plaintiff, before the Cook County board of appeals defeats the purpose of the Act, which is to prohibit the filing of complaints by nontaxpaying entities. They accuse the appellate court of ignoring the plaintiff's admitted status as a representative of the various school districts by holding that the plaintiff is a "taxpayer."

Defendants assert that the record clearly discloses that plaintiff was a school board member and president; that he represented the interests of the school board in Niles Township; that the school board's instigation of the underassessment complaints was by formal resolution; and that the school board's total assumption of plaintiff's expenses was expected to run into the thousands of dollars. From these facts alone, the defendants allege, it is clear that plaintiff was merely a "shill" for the school district of Niles Township and not a "taxpayer" for purposes of section 117 of the Act.

On the other hand, plaintiff's position is that regardless of the school district's interest, he remains a "taxpayer" under section 117 since it is undisputed that he owns, resides on, and pays real estate taxes on his property located in the County of Cook, and that his tax bill would be reduced by about $20 if he prevailed on the complaints.

It is the plaintiff's stance that underassessment complaints may be brought by "any taxpayer" who stands to personally benefit through lower taxes. Further, he alleges that any alternative to this very basic test would create chaos, for instead of a simple factual inquiry into

whether property is underassessed, complaints would be preceded by mini-trials on the complainant's status as a taxpayer. Any alternative, charges plaintiff, would not enable the Board or a court to decide in a principled fashion how much involvement by a municipal corporation forecloses a taxpayer from prosecuting underassessment complaints.

In support of his position, the plaintiff heavily relies upon *Turkovich*, 11 Ill. 2d 460. In *Turkovich*, the plaintiffs sued to enjoin the Board of Trustees of the University of Illinois from spending State funds to build a television station at the University. The plaintiffs filed suit under a provision allowing "taxpayers" to bring an action to enjoin the disbursement of public funds by any officers of the State government. This provision, now amended and recodified, although substantively unchanged, can now be found under section 11—301 *et seq.* of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 11—301 *et seq.*).

Although not explicit from the opinion itself, an examination of the *Turkovich* record reveals that the plaintiffs admitted that they instituted the suit at the request of the Illinois Broadcasters Association (IBA), a nontaxpaying entity. Further, the IBA provided them with counsel and agreed to pay or reimburse them for all expenses incurred in instituting and prosecuting the suit. The defendant's contention was that this was not a *bona fide* taxpayer's suit, and that the IBA, not the plaintiffs, was the real party in interest, and the plaintiffs were only nominal parties.

The court held that only "where the filing of a suit is for the *exclusive* benefit of an individual or corporation [other than the one filing suit], the courts may go behind the parties on the face of the record." (Emphasis added.) (*Turkovich*, 11 Ill. 2d at 464.) There, the court found that the plaintiffs were interested taxpayers, and that

even though the suit also benefited the IBA, it was not for the IBA's *exclusive* benefit. The court determined that "[p]laintiffs' motives cannot be questioned to the extent of dismissing their suit merely because their feelings on the subject of a University television station coincide with the desires of the aggressive Association." *Turkovich*, 11 Ill. 2d at 464.

Here, defendants argue that the appellate court misconstrued the court's holding in *Turkovich*, thereby erroneously concluding that plaintiff is a "taxpayer." Defendants stress the importance of focusing on the unique circumstances surrounding that court's findings. They believe that only because it was clearly shown that the *Turkovich* plaintiffs had a "personal stake" in their taxes being spent by the government and that no other judicial remedy was available to them, did this court find that they had standing, regardless of who was paying for the litigation expenses.

Moreover, defendants assert that unlike the plaintiffs in *Turkovich*, Dozoretz has an adequate remedy at law available to him as a taxpayer and property owner, in the form of paying his taxes under protest and filing a specific objection to recover a portion of them. They claim the fact that plaintiff here chose not to avail himself of this remedy further demonstrates that he has forsaken his own interests in favor of those of the school district.

The plaintiff, however, supports the appellate court's interpretation of *Turkovich*, which led to the court's holding that he is a "taxpayer." Plaintiff alleges that, based on *Turkovich*, he has standing to complain of underassessments before the Board because he is a Cook County property owner, pays real estate taxes, and will receive direct monetary benefit from increasing the assessments of other properties in the district. He claims that his interest is identical to that of the plaintiffs in

*Turkovich*, where an injunction preventing the misuse of public funds would have resulted in tax savings for the plaintiff-taxpayers.

In addition to analogizing the instant case to *Turkovich*, the most logical means of determining whether plaintiff has standing is to analyze the statute itself. Again, the pertinent portion of section 117 provides:

> "[C]omplaints that any particular real property, described therein, is over assessed or under assessed or is exempt may be made by *any taxpayer*." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 120, par. 598.

The quoted portion of section 117 is the lineal descendent of section 35b of the Revenue Act of 1898. It was added to that act in 1931 as part of a package of legislation abolishing the previous board of review in Cook County and creating the board of appeals. (Ill. Rev. Stat. 1937, ch. 120, par. 314b; see generally *People ex rel. Thomas v. Nixon* (1933), 353 Ill. 556, 558-64.) Prior to these amendments, the Revenue Acts of 1872 and 1898 had provided simply for an assessment complaint to be brought by "any person," and the courts had interpreted this to permit complaints by taxing bodies such as municipalities. (*People ex rel. McDonough v. Marshall Field & Co.* (1934), 355 Ill. 633, 635-36 (City of Chicago filed an underassessment complaint with the Board before the new amendments prohibiting taxing bodies from filing complaints went into effect; court stated that the City had standing to file a complaint under the law in effect prior to the 1931 amendments, but noted that the new amendments would foreclose any future filings by the City); *St. Louis Bridge Co. v. People ex rel. Baker* (1889), 128 Ill. 422.) This broad rule of standing and jurisdiction was deliberately narrowed by the legislature in its 1931 amendments, eliminating the Board's jurisdiction over complaints filed by taxing bodies.

In deciding the first question before this court, whether plaintiff qualifies as a "taxpayer" under section 117 of the Act, it is important that we look to the plain language of the statute. As the appellate court below pointed out, the legislature, by virtue of section 117, has permitted "any taxpayer" to make underassessment complaints to the Board. Section 113 of the Act, which sets forth the powers and duties of the Board, provides that upon an underassessment complaint filed in conformance with the requirements of section 117 of the Act, "[the Board] shall hear complaints and revise assessments." Ill. Rev. Stat. 1987, ch. 120, par. 594.

"A court may not read a limitation into a statute which the legislature has not seen fit to enact nor may it, by subtle construction, alter the plain meaning of the words employed." (*People v. Larson* (1985), 132 Ill. App. 3d 594, 596.) In this case, the meaning of the statutory text is clear and unambiguous. Based upon the fact that plaintiff resides in a home which he owns in Cook County and pays real estate taxes thereon, he qualifies as "any taxpayer," and is therefore able to file complaints before the Board, regardless of the fact that another party is interested in this complaint and has agreed to reimburse him for fees and expenses incurred in prosecuting his complaints.

Concluding that plaintiff is a taxpayer for purposes of the subject complaints, we turn to the next question, whether he is afforded an adequate remedy at law by paying the tax under protest and objecting to it within the annual collector's application proceeding; thus eliminating the need for equitable relief, as is sought in this case.

Defendants allege that the appellate court's opinion, which held that a specific-objection proceeding was an inadequate procedure under the law, contradicted both a clear legislative mandate which made specific-objection proceedings the "sole" remedy at law, as well as this

court's rulings that such proceedings are an adequate remedy under the law. They note that the court has consistently held that equitable relief is not available in tax matters where the taxpayer has an adequate remedy under sections 194 and 235 of the Act (Ill. Rev. Stat. 1987, ch. 120, pars. 675, 716). They cite to *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 105-08, and *First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, for the proposition that by paying the tax under protest and objecting to it within the annual collector's application proceeding, the taxpayer is given an adequate remedy. Further, they rely on *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 322, for the principle that where equitable relief is not warranted, relief by way of declaratory judgment is also unavailable.

However, we find that the tax-objection procedure is an inadequate remedy for plaintiff in this particular situation. To prevail in a specific-objection proceeding, the taxpayer must establish that "the valuation has been fraudulently made." (*Clarendon Associates v. Korzen*, 56 Ill. 2d at 104.) A mere overvaluation or undervaluation of property is not enough to establish that an assessment was fraudulently made. (*People ex rel. Rogers v. Odin Coal Co.* (1909), 238 Ill. 279, 282.) A taxpayer, prosecuting an underassessment complaint before the Board, however, need not show fraud, but is required only to demonstrate that a correction is "just." (Ill. Rev. Stat. 1987, ch. 120, par. 597.) Section 116 of the Act vests the Board with the broad power to "revise the entire assessment of any taxpayer, or any part thereof, and correct the same as shall appear to the board to be just." Thus, if an assessment is unjust, but not so unjust as to amount to constructive fraud, the tax-objection remedy would fail to provide any relief.

The defendants point out that if we rule that this remedy is inadequate for this taxpayer, then it would likewise be unfair for all other taxpayers. This is the product of

faulty reasoning. It is not this remedy, in and of itself, that is inadequate. The inadequacy arises in that plaintiff does not have available to him the opportunity to first present his case to the Board, an option at the disposal of all other taxpayers.

Defendants are mistaken in their reliance on *La Salle National Bank, Clarendon Associates*, and *First National Bank & Trust Co.* These cases have held that tax objectors must first pay their taxes under protest and then litigate their assessments through the statutory tax-objection procedure rather than seek equitable relief to enjoin collection of their taxes due. As the court explained in *Clarendon Associates*, permitting equitable challenges to the collection of taxes would impair the collection of taxes and would bypass the "statutory requirement that the taxes be paid under protest and objections filed to the application for judgment." *Clarendon Associates*, 56 Ill. 2d at 108.

In this situation, however, plaintiff has not sought to have his assessment lowered or the collection of his taxes enjoined. Plaintiff sought only a declaration of his status as a taxpayer and enforcement of his statutory right to a hearing before the Board. Nothing in the cases relied upon by defendants precludes such declaratory relief here.

Therefore, we find that this plaintiff is not afforded an adequate remedy at law by paying his tax under protest and objecting to it within the annual collector's application proceeding. As a result, equitable relief, as requested by the plaintiff in this case, is an appropriate remedy.

For these reasons, we affirm the appellate court's judgment.

*Appellate court affirmed.*