AEH CONSTRUCTION, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF LABOR, Defendant-Appellant.

Third District   No. 3—99—0941

Opinion filed February 8, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Jerald S. Post (argued) Assistant Attorney General, of counsel), for appellant.

Jack P. Ball (argued), of Pepmeyer, Pepmeyer & Ball, P.C., of Galesburg, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff, AEH Construction, Inc. (AEH), filed suit for declaratory judgment against the Illinois Department of Labor (Department) seeking a declaration that it was not in violation of the Illinois Prevailing Wage Act (Act) (820 ILCS 130/6, 11a (West 1998)). The Department filed a motion to dismiss on the grounds that the complaint was

premature. AEH filed a motion for summary judgment, asserting that the Prevailing Wage Act only applied to workers on a construction site. The trial court ruled that the complaint was not premature, denied the Department's motion and granted AEH's motion. The Department appeals. We reverse.

## FACTS

AEH entered into a contract with the City of Galesburg to remove bricks from certain city streets, repair and level the subsurface, and then relay the bricks. After removal of the bricks, AEH transported them to its office where employees cleaned and repalleted the bricks. The bricks were then transported to a storage facility and then to the street to be reinstalled. AEH performed no cleaning at the actual construction sites.

On November 23, 1998, the Department notified the City of Galesburg that the location where the cleaning was performed was irrelevant and that the work of cleaning the bricks was covered by the Act. The letter stated that "this correspondence [will] serve AEH with notice that the work being performed for the City of Galesburg is covered *** under the Prevailing Wage Act."

On January 27, 1999, AEH filed a complaint for declaratory judgment seeking an interpretation of the applicability of the Act to the brick cleaners. The Department filed a motion to dismiss asserting that no actual controversy existed.

Meanwhile, pursuant to standard departmental procedures, the Department continued to investigate AEH's payroll records in April 1999 to determine compliance with the Act. On May 18, 1999, the Department's investigator issued a letter to AEH stating that certain employees had received less than the prevailing wage and that wages of $12,151.46, an underpayment penalty of $2,430.29 and punitive damages of $243.02 were due. AEH requested an expedited administrative hearing on the matter. The office of the Attorney General notified AEH that an administrative hearing was not available because AEH had only received one notice and two were required for an administrative hearing.

The trial court denied the Department's motion to dismiss on June 24, 1999. The Department answered the complaint. AEH filed a motion for summary judgment, which the trial court granted.

## DISCUSSION

The Department asserts that the trial court erred because the case was not ripe for decision because (1) no controversy existed, and (2) AEH failed to exhaust its administrative remedies. Because we agree with the Department that the complaint for declaratory judgment was

premature, we need not address the substantive issues raised in this appeal.

## I

The Department argues that there was no actual controversy capable of judicial resolution because AEH commenced its complaint before the Department initiated an enforcement proceeding. Mere notice of a potential action against AEH does not create a claim capable of judicial resolution. Therefore, the declaratory judgment action was premature.

■ The purpose of declaratory judgment is "to allow the court to address a controversy one step sooner than normally, after the dispute has arisen but before steps are taken which give rise to a claim for damage or other relief." *Tait v. County of Sangamon*, 138 Ill. App. 3d 169, 170 (1985), citing *Kaske v. City of Rockford*, 96 Ill. 2d 298, 450 N.E.2d 314 (1983). To maintain an action for declaratory relief, it is essential that there be an "actual controversy" and that the party seeking the declaration must have a tangible legal interest in that controversy. *Underground Contractors Ass'n v. City of Chicago*, 66 Ill. 2d 371, 362 N.E.2d 298 (1977). A complaint for declaratory judgment which recites an actual controversy between the parties in sufficient factual detail and requests a declaration of rights is sufficient to state a cause of action. *Schwanke, Schwanke & Associates v. Martin*, 241 Ill. App. 3d 738, 744, 609 N.E.2d 654, 659 (1992).

■ In order to have an "actual controversy," a party must demonstrate "that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events." *Underground Contractors*, 66 Ill. 2d at 375, 362 N.E.2d at 300. The case must present a concrete dispute requiring the immediate and definitive determination of the parties' rights, the resolution of which will advance the conclusion of the controversy or some part thereof. *Underground Contractors*, 66 Ill. 2d at 375, 362 N.E.2d at 300. A declaration of nonliability for past conduct is not the function of the declaratory judgment statute. *Howlett v. Scott*, 69 Ill. 2d 135, 370 N.E.2d 1036 (1977).

In *Schwanke*, the plaintiff had received two notices of violation from the Department. The Department notified the plaintiff that the matter would be scheduled for an administrative hearing on debarment at which the plaintiff would be allowed to present evidence and legal arguments in support of its position that it was not subject to the Act. Plaintiff filed for a declaratory judgment prior to the hearing, seeking a finding that it had not violated the Act.

On appeal, the court upheld the dismissal of the complaint. The court stated that although the complaint alleged a disagreement between the parties, it failed to state an actual legal controversy because there was no allegation that the plaintiff was placed on the debarment list. Since the complaint sought an advisory opinion on matters only potentially at issue, the plaintiff's action was "a challenge of the Department's investigation into whether plaintiff was in violation of the Act." *Schwanke*, 241 Ill. App. 3d at 748.

■ In this case, AEH's complaint alleged that it had received a single notice of violation from the Department. A letter to the City of Galesburg, dated November 23, 1998, stated, "Let this correspondence serve AEH with notice that the work being performed for the City of Galesburg is covered, from beginning to end, under the Prevailing Wage Act."[1] Therefore, if AEH violated the Act a second time, it would be subject to debarment proceedings.

AEH argues that a second notice will subject it to automatic debarment and permanent harm because public works projects comprise the "vast majority" of its business. In support of this argument, AEH cites a second letter it received from the Department dated May 18, 1999, which stated that if AEH had been notified of a previous violation, it "may be subject to automatic debarment."

Although it could not demand an administrative hearing at the time this suit was filed, AEH was not without options. It could have paid the additional wages and brought an action to recover back payments owed or waited for the Department to refer the matter for prosecution. See *Schwanke*, 241 Ill. App. 3d 738, 609 N.E.2d 654.

Furthermore, if the Department sends a second notice, AEH can request a hearing within 10 days, which stays any placement on the debarment list. If the result of the debarment hearing is unfavorable to AEH, debarment may be further stayed by the circuit court. Receipt of a second notice is not tantamount to automatic debarment.

While the complaint certainly alleges a disagreement between the parties, it fails to allege an actual, legal controversy. Instead, AEH seeks a declaration of rights dependent upon future events which may or may not happen, *i.e.*, a second notice placing AEH on the debarment list. Like *Underground Contractors* and *Schwanke*, the com-

---

[1]The Department disputes that the November 23 letter constituted a notice of violation to AEH because it was sent to the City of Galesburg not to AEH, was too informal, and was only authorized by the admonition to "inquire diligently." In our analysis, the issue of whether the letter met the requirements of a formal notice of violation is not material. We will assume, for purposes of argument, that the letter was a notice of violation.

plaint requests both an advisory opinion on matters that would be at issue in the future and a declaration of nonliability for past conduct.

A plaintiff seeking declaratory judgment must specify all facts necessary to justify the unusual relief sought. *Schwanke*, 241 Ill. App. 3d at 748, 609 N.E.2d at 661. AEH failed to allege or establish the existence of an actual controversy ripe for judicial determination. The trial court erred in denying the Department's motion to dismiss.

## II

The Department also argues that the complaint should have been dismissed on the grounds that it was barred by the exhaustion-of-remedies doctrine. AEH responds that an administrative hearing would be futile because the Department had already determined that AEH had violated the Act.

■ The principles of ripeness and exhaustion of remedies are closely related in that both involve the general issue of the prematurity of the action. *Schwanke*, 241 Ill. App. 3d at 748, 609 N.E.2d at 661. Parties aggrieved by the action of an administrative agency ordinarily are precluded from seeking relief in the courts without first pursuing all administrative remedies available to them under the applicable statute. *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 547 N.E.2d 437 (1989). Relief by means of declaratory judgment is not available where the legislature has vested the agency with the authority to administer the statute. *People ex rel. Fahner v. American Telephone & Telegraph Co.*, 86 Ill. 2d 479, 427 N.E.2d 1226 (1981). Therefore, judicial interference must be withheld until the administrative process has run its course. *Fahner*, 86 Ill. 2d 479, 427 N.E.2d 1226.

■ Although Illinois recognizes a "futility" exception to the exhaustion-of-remedies doctrine, it is a limited one. *Dock Club, Inc. v. Illinois Liquor Control Comm'n*, 83 Ill. App. 3d 1034, 404 N.E.2d 1050 (1980). Even clear indications that the administrative agency will rule adversely are not sufficient to bypass or terminate the administrative process. *Dock Club*, 83 Ill. App. 3d 1034, 404 N.E.2d 1050. The exhaustion-of-remedies requirement cannot be avoided simply because relief may be, or even probably will be, denied by the agency. *Northwestern University v. City of Evanston*, 74 Ill. 2d 80, 383 N.E.2d 964 (1978).

■ Under the Administrative Review Law a plaintiff can present its arguments to the administrative agency and, in the event of an unfavorable ruling, can present them again to the circuit court, which is empowered to stay the administrative decision. *Dock Club*, 83 Ill. App. 3d 1034, 404 N.E.2d 1050. Circumventing the statutorily created administrative proceeding deprives the agency of the jurisdiction

conferred upon it by the legislature. *Fahner*, 86 Ill. 2d 479, 427 N.E.2d 1226.

■ In this case, if the Department does not believe that AEH violated the Act a second time, no debarment hearing would be held. The administrative process is never commenced. However, if a second letter is sent, AEH would have the opportunity to present evidence and argument under the Act. 735 ILCS 5/3—101 *et seq.* (West 1998). The Act also provides for administrative review of an adverse decision at such a hearing and, ultimately, judicial review of the final administrative determination.

If the declaratory judgment action was allowed to proceed, a court decision inevitably forecloses further proceedings by the Department. Our legislature has statutorily empowered the Department to exercise its expertise and make initial determinations concerning enforcement of the Act governing wages to be paid for work on public projects. *Schwanke*, 241 Ill. App. 3d at 752, 609 N.E.2d at 664. We should not lightly dismiss the agency's role under the Act. The declaratory judgment action was premature because AEH did not exhaust its administrative remedies. The trial court should have granted the Department's motion to dismiss.

## CONCLUSION

The judgment of the circuit court of Knox County is reversed.

Reversed.

BRESLIN and SLATER, JJ., concur.