No. 3-06-0393                                      Filed: 9-21-07

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| BRANDT CONSTRUCTION COMPANY, | ) | Appeal from the Circuit Court |
| an Illinois Corporation, | ) | for the 14th Judicial Circuit, |
| | ) | Rock Island, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | 04-CH-0025 |
| | ) | |
| ARTHUR LUDWIG, Director of the | ) | |
| Department of Labor, State of Illinois | ) | The Honorable |
| | ) | Jeffery W. O'Connor, |
| Defendant-Appellant. | ) | Judge, Presiding. |
| | ) | |

JUSTICE McDADE delivered the opinion of the court:

Defendant, Arthur Ludwig, Director of the Illinois Department of Labor, appeals from an order of the circuit court of Rock Island denying his motion to dismiss plaintiff Brandt Construction Company's complaint for declaratory and injunctive relief. Defendant also appeals from the circuit court's order granting Brandt's motion for summary judgment. Upon review, we affirm in part, reverse and vacate in part, and remand this matter for further proceedings.

FACTS

The Complaint

On January 16, 2004, Brandt filed a complaint for declaratory and injunctive relief against

the Director of the Department of Labor (Department). According to counts I through IV of its complaint, between December 2002 and June 2003, Brandt had performed four construction jobs under the contracts with certain cities – Rock Island, Moline and Milan (Cities). With respect to each job, the complaint alleged that sometime after the contract date, the Department raised the prevailing rate of hourly wages applicable to Brandt's employees but that Brandt was not given notice of the increase. As a result of the lack of notice, Brandt failed to pay its employees at the prevailing wage. Brandt alleged that it had received letters from a Department labor conciliator directing it to pay accrued back wages and penalties, setting forth the amounts owed for each job – approximately $23,190 in back wages and $4,638 in penalties in total for all four jobs.

Brandt contended that the Prevailing Wage Act (Act) (820 ILCS 130/0.01 *et seq.* (West 2004), required the Cities to provide Brandt with actual notice of an increase in the prevailing wage rate. Brandt argued that the Cities failed to comply with this statutory requirement. Based on this alleged failure, Brandt sought a declaration for each job that Brandt "does not owe the [Department] or [Brandt] employees any back wages resulting from the increased wage rates and [Brandt] does not owe any penalties, interest or liquidated damages." Brandt also sought an injunction (in count VI), asking the court to enjoin the Department from collecting back wages or other monies for the relevant construction jobs.

Another count of the complaint (count V) alleged that, with respect to two additional construction jobs for the City of Moline, the Department was auditing Brandt's payroll records. Brandt alleged that once the audits were completed, it expected the Department to take the position that Brandt had failed to pay the prevailing wage rate for these jobs as well. Reiterating its lack-of-notice defense, Brandt sought declaratory and injunctive relief prohibiting the

2

Department from collecting unpaid wages or penalizing Brandt for non-compliance relating to these two Moline jobs.

## Department's Motion to Dismiss

On February 24, 2004, the Director of the Department moved to dismiss Brandt's complaint. The Department argued that the case was premature as the Department had not initiated any proceedings to debar Brandt from other public works jobs; that Brandt failed to exhaust its administrative remedies; and that Brandt was improperly seeking a declaration of nonliability for past conduct. Brandt contested the Department's motion. Upon hearing argument, the circuit court entered an order dismissing Brandt's complaint, finding that "the action is premature and without exhaustion of administrative remedies."

## Brandt's Motion for Reconsideration

On October 8, 2004, Brandt filed a motion asking the circuit court to reconsider its dismissal order and reinstate the complaint. The Department opposed the motion. Following argument, the circuit court entered an order granting Brandt's motion to reconsider and reinstating all but count V of Brandt's complaint. The court determined that the Department's letters directing Brandt to pay unpaid wages and penalties were "sufficient to demonstrate an actual controversy for the purposes of a declaratory judgment action." However, the court sustained the dismissal of count V of the complaint, which described two additional jobs the Department was still investigating, observing that "[m]atters under investigation do not rise to a 'controversy' for the purpose of declaratory relief."

Additionally, the court determined that Brandt need not exhaust its administrative remedies, but instead could properly maintain its declaratory judgment action. The court

3

observed that while administrative agencies are given wide latitude in resolving factual issues, this case presents "a question of law for the Court to decide, the answer [to] which could foreclose needless litigation." Thus, the court reversed its earlier dismissal order and directed the Department to answer Brandt's complaint. The court also temporarily enjoined the Department from commencing proceedings against Brandt for alleged violations of the Act.

Subsequent Proceedings

The Department answered the complaint and Brandt filed a motion for permanent injunction on April 5, 2006. Brandt maintained that the Department should be permanently enjoined from pursuing any "administrative or legal remedy" against Brandt due to the Cities' failure to give Brandt actual notice of increases in the prevailing wage.

On April 20, 2006, Brandt filed a motion for summary judgment. Brandt contended that the Act requires public bodies to provide actual notice to contractors of prevailing wage increases, but that the Cities "did not provide Brandt with a notice that prevailing wage rates increased after the contracts were let to Brandt." Brandt relied on the testimony from certain Brandt representatives (who denied receiving actual notice) and testimony from various representatives of the Cities (who acknowledged not sending such notice). Based on the claimed lack of actual notice, Brandt argued that "it did not have [an] obligation to pay revised rates, penalties and interest."

On April 25, 2006, the circuit court held a hearing on Brandt's pending motions. While the Department filed a response opposing Brandt's motion for a permanent injunction, it requested additional time to respond to the summary judgment motion because that motion raised an additional issue – the sufficiency of notice by ordinance – that was not raised in the permanent

injunction motion and therefore had not been addressed in the Department's response. The court denied the Department's request for an extension.

After hearing argument, the court granted both Brandt's motion for a permanent injunction and its motion for summary judgment. It stated in pertinent part:

> "Actually, there's no facts at all to indicate that [Brandt] got actual notice. * * * The statute required notice, they didn't get it. And that's a very, very narrow issue of law."

The court followed its oral ruling with a written order entered the same day. The court determined that, under the Act, the Cities were required to notify Brandt of increases in the prevailing wage, but failed to provide adequate statutory notice. The court determined that neither "publication on the [Department] website" nor "passage of an ordinance by a municipality or other governmental body" satisfied the "notification requirement contemplated by statute." Specifically, the court stated:

> "[B]randt, having not received any notice as to a revised prevailing wage, owes nothing in penalties, interest or liquidated damages. Whether plaintiff owes for back wages resulting from the increased wage rates are reserved for further hearing on that matter only and as not inconsistent with the Order herein."

The court proceeded to enjoin the Department from commencing any proceeding under "820 ILCS 130A" or seeking back wages under the Act. The Department now appeals.

## ANALYSIS

This appeal calls us to review the statutory provisions contained within the Prevailing

Wage Act (Act) (820 ILCS 130/0.01 *et seq.* (West 2004)) The stated policy of the Act is that "laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works" shall be paid "the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed." 820 ILCS 130/1 (West 2004). The statute provides the public body awarding a contract for public work "shall ascertain the general prevailing rate of hourly wages in the locality in which the work is to be performed." 820 ILCS 130/4(a) (West 2004). The statute further states the following:

> "The public body awarding the contract shall cause to be inserted in *** the contract a stipulation to the effect that not less than the prevailing rate of wages as found by the public body or Department of Labor or determined by the court on review shall be paid to all laborers, workers and mechanics performing work under the contract." 820 ILCS 130/4(a) (West 2004).

Additionally, to further "effectuate the purpose and policy of [the] Act each public body shall, during the month of June of each calendar year, investigate and ascertain the prevailing rate of wages." 820 ILCS 130/9 (West 2004). As to changes in the prevailing rate, the Act provides:

> "If the Department of Labor revises the prevailing rate of hourly wages to be paid by the public body, the revised rate shall apply to such contract, and the public body shall be responsible to notify the contractor and each subcontractor, of the revised rate." 820 ILCS 130/4(d) (West 2004).

The statute also specifies the manner in which its provisions are to be enforced. In

6

addition to criminal prosecution and suits by the state for injunctive relief, the Act also creates a right of action for the "laborer, worker or mechanic employed by" the contractor. 820 ILCS 130/6, 11 (West 2004). "The Department shall also have a right of action on behalf of any individual who has a right of action under this Section." 820 ILCS 130/11 (West 2004). With this statutory background in mind, we now turn our attention to the merits of the Department's appeal.

Declaratory Relief

The Department's first claim on appeal is that the circuit court erred in denying its motion to dismiss Brandt's complaint for declaratory relief. We review an order granting a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2004)) *de novo*. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 115, 660 N.E.2d 863, 867 (1995). On appeal, we must determine whether the allegations of the plaintiff's complaint, when construed in the light most favorable to him, are sufficient to establish a cause of action upon which relief may be granted. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 490, 675 N.E.2d 584, 588 (1996). All well-pleaded facts in the complaint must be considered as true. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1213 (1996).

The Department raises three grounds in support of its assertion that the circuit court erred in denying its motion to dismiss Brandt's complaint for declaratory relief. First, the Department argues that there is no actual controversy ripe for determination. Second, it claims Brandt is improperly seeking a declaration of nonliability for past conduct. And finally, it asserts dismissal is warranted on the basis that Brandt failed to exhaust the Act's administrative remedies. We

7

examine each of these allegations in turn.

(A) <u>Actual controversy</u>

The Illinois declaratory judgment statute provides, in pertinent part:

> "(a) No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation *** and a declaration of the rights of the parties interested." 735 ILCS 5/2-701(a) (West 2004).

The declaratory judgment procedure allows "'the court to take hold of a controversy one step sooner than normally-that is, after the dispute has arisen, but before steps are taken which give rise to claims for damages or other relief. The parties to the dispute can then learn the consequences of their actions before acting.' [Citations.]" *Beahringer v. Page*, 204 Ill. 2d 363, 372-73, 789 N.E.2d 1216, 1223 (2003). The essential requirements of a declaratory judgment action are: (1) a plaintiff with a legal tangible interest; (2) a defendant having an opposing interest; and (3) an actual controversy between the parties concerning such interests. *AEH Construction, Inc. v. Department of Labor*, 318 Ill. App. 3d 1158, 1161, 743 N.E.2d 1102, 1105 (2001).

On appeal, the Department does not contest whether Brandt has a legal tangible interest.

8

Nor does the Department assert that it lacks an opposing interest. Instead, the dispute here centers on the third prong noted above, namely, whether an actual controversy between the parties exists. The Illinois Supreme Court has explained:

> "'"Actual" in this context does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events.' [Citation.]" (Emphasis omitted.)
>
> *Beahringer*, 204 Ill. 2d at 374, 789 N.E.2d at 1224.

Our supreme court in *Alternate Fuels, Inc. v. Director of the Illinois Environmental Protection Agency,* 215 Ill. 2d 219, 830 N.E.2d 444 (2004), recently examined whether an actual controversy existed between the parties regarding a state agency's interpretation of a statute. Alternate Fuels was in the business of providing fuel to customers in the form of shredded plastic agricultural chemical containers. The Environmental Protection Agency (Agency) issued a notice to the plaintiff that it was violating section 21(d) of the Illinois Environmental Protection Act (415 ILCS 5/21(d) (West 2004)) by storing and treating "waste" without a permit from the Agency. In its complaint against the Agency, Alternate Fuels asked for a declaration the materials it was using were not "waste" because they had not been discarded. The Agency moved to dismiss arguing that there was no actual controversy ripe for determination. In affirming the appellate court's ruling, the Illinois Supreme Court held that failing to allow judicial review would "foreclose all access to the courts for a determination of the legal question of whether [Alternate Fuels] was

processing 'waste' under the Act." *Alternate Fuels*, 215 Ill. 2d at 233, 830 N.E.2d at 452.

Moreover, the court held that the hardship on Alternate Fuels was sufficient to allow judicial review because Alternate Fuels was "put *** into a dilemma" by having to "secure an allegedly unnecessary permit with the requisite local siting approval, take a potentially more costly alternative of risking serious penalties by continuing and waiting for the axe of Agency prosecution to fall, or discontinue operations." *Alternate Fuels*, 215 Ill. 2d at 232-33, 830 N.E.2d at 452.

Here, Brandt will endure significant hardship if a decision on the notice requirement is not rendered by the court. Similar to the plaintiff in *Alternate Fuels*, Brandt will be "put *** into a dilemma" by having to choose between: (1) paying the Department for the alleged improper wage increase, or (2) risk serious penalties while "continuing and waiting for the axe of Agency prosecution to fall." If Brandt's declaratory complaint survives dismissal, the parties to the dispute can then learn the consequences of their actions before acting. See *Beahringer v. Page*, 204 Ill. 2d 363, 372-73, 789 N.E.2d 1216, 1223 (2003). Moreover, the Illinois declaratory judgment statute allows a court to determine the rights of "anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation." 735 ILCS 5/2-701(a) (West 2004). As discussed above, this appeal calls for a determination of the following legal questions: (1) did Brandt receive "notice" under the Act; (2) if Brandt did not receive notice, does the revised rate still apply under the Act? and (3) if it does, is Brandt liable for penalties and interest? No issues of fact are presented by this appeal. It is on this basis that we find that Brandt's complaint alleges an "actual controversy" stemming from the interpretation of the notice provisions of the Act.

10

(B) <u>Declaration of nonliability for past conduct</u>

Here on appeal, the Department also claims that Brandt is improperly seeking a declaration of nonliability for past conduct. It argues that the labor conciliator's letters notifying Brandt of underpayments pertained to work that was completed long ago. The Department concludes that any declaratory relief would be based on past conduct and therefore contrary to the doctrine of nonliability for past conduct. While we agree with this general statement of the law, we disagree with its applicability to the present case.

A declaratory judgment action is barred by the doctrine of nonliability for past conduct when the conduct that makes the party amenable to suit has already occurred. *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 378, 806 N.E.2d 1273, 1277 (2004). The court in *Adkins* stated:

> "The fact that the amount allegedly owed under a contract is
> already fixed does not preclude a declaratory judgment action,
> because a party is not amenable to suit until a breach occurs.
> Therefore, declaratory judgment could guide future conduct in such
> a situation because a court could determine whether or not a valid
> contract exists and, thereby, inform the party that potentially owes
> the money whether or not it would be a breach of contract should it
> refuse to pay. In such a situation, only when a party refuses to pay
> does a declaratory judgment action become improper because, at
> that point, the refusal to pay either is or is not a breach of contract
> and there is no future action to guide." *Adkins Energy*, 347 Ill.

App. 3d at 378, 806 N.E.2d at 1277-78.

The *Adkins Energy* holding is applicable to the case at bar. Here, Brandt is seeking a determination of whether it has any obligations to the Department – whether it owes money and therefore whether it would be in violation of the Act if it refuses to pay. Moreover, there is an ongoing relationship between Brandt and the Department. Because the court's interpretation of the Act's notice provision will allow the parties to alter their conduct to avoid liability in the future, we find the doctrine of nonliability for past conduct inapplicable.

Here, the record reflects that Brandt faced uncertainty as to the legal effect of its failure to pay the revised rate. Specifically, it is unclear as to: (1) whether Brandt received "notice" under the Act? (2) if Brandt did not receive notice, does the revised rate still apply under the Act? and (3) if it does, is Brandt liable for penalties and interest? Brandt needed direction on these issues to determine whether it was obligated to reimburse its employees for the nonnoticed wage increase. We therefore reject the Department's claim that Brandt is improperly seeking a declaration of nonliability for past conduct.

### (C) Exhaustion of Administrative Remedies Doctrine

Finally, the Department argues that dismissal of Brandt's declaratory judgment action is warranted because Brandt improperly failed to exhaust the Act's administrative remedies. Although it is generally recognized that a party aggrieved by the actions of an administrative agency cannot seek judicial review without exhausting the administrative remedies available to it, there are several exceptions to this doctrine. *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308, 547 N.E.2d 437, 439 (1989). An aggrieved party may seek judicial review of an administrative decision without complying with the exhaustion of remedies doctrine where the

12

agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency, or where no issues of fact are presented or agency expertise is involved. *Castaneda*, 132 Ill. 2d at 309, 547 N.E.2d at 439.

All of these exceptions apply in this case. Here, the Department has taken a clear position in regard to the notice provision of the Act. It has issued several letters to Brandt stating that it has "found that certain employees were paid less than the prevailing rate of wages," and the letters go on to request a 20% penalty check as outlined in the Act. See 820 ILCS 130/11 (West 2004). Deposition testimony of the Department's labor conciliator specifically indicates that the Department based its wage calculation upon the increased rates even though Brandt was not directly notified by the Department or the Cities. Compelling Brandt to seek administrative relief in the face of the Department's demonstrated position in regard to notice under the Act would be patently futile and delay the administration of justice. See *Board of Trustees of the Addison Fire Protection District No. 1 Pension Fund v. Stamp*, 241 Ill. App. 3d 873, 884, 608 N.E.2d 1274, 1283-84 (1993).

This conclusion is supported by the clear showing that no issues of fact are presented nor is agency expertise required. "The province of statutory interpretation belongs specifically to the courts, which have their own expertise in statutory construction." *Stamp*, 241 Ill. App. 3d at 884, 608 N.E.2d at 1284. In the case at bar, the questions as to (1) whether Brandt received "notice" under the Act; (2) that "if" Brandt did not receive notice, whether the revised rate still applies under the Act; and (3) if it does, whether Brandt is liable for penalties and interest are all legal questions appropriate for judicial review. While the Department alleges that the question of whether Brandt received "notice" is a question of fact, the record is clear that it is undisputed that

13

Brandt was never personally or directly informed of the revised rate. Even the deposition testimony of the Department's labor conciliator specifically indicates that Brandt was never sent notice of the increase. The Department's brief does not dispute this fact. Instead, the Department claims that publication on its website and passage of an ordinance by a public body satisfy the notice provision. Because there is no factual dispute as to what did or did not occur between the parties, we find the legal questions presented in this appeal within the province of judicial review and outside the scope of the exhaustion of remedies doctrine.

Accordingly, we affirm the section of the circuit court's order denying the Department's motion to dismiss Brandt's declaratory judgment action.

Injunctive Relief

The Department's second claim on appeal is that the circuit court erred in denying its motion to dismiss Brandt's complaint for injunctive relief. Again, our review of this issue is *de novo*. See *Mt. Zion State Bank & Trust*, 169 Ill. 2d at 115, 660 N.E.2d at 867.

An injunction is an extraordinary remedy that should issue only when the plaintiff establishes the existence of a lawful right, irreparable harm, and an inadequate remedy. *Rockford Blacktop Construction Co. v. County of Boone*, 263 Ill. App. 3d 274, 282, 635 N.E.2d 1077, 1083 (1994). "Injunctions are not favored, and a court should issue an injunction only when the urgency of the situation requires it." *County of Boone*, 263 Ill. App. 3d at 282, 635 N.E.2d at 1083.

The injunction granted below permanently enjoined the Department from: (1) commencing penalty proceedings under section 6 of the Act (820 ILCS 130/6 (West 2004)) against Brandt; (2) preventing Brandt from bidding on public work; and (3) seeking back wages under the under the

14

Act for jobs already completed. While we have already found that Brandt has set out a sufficient complaint for declaratory judgment, we note that the complaint, in also asking for injunctive relief, is silent as to an allegation of irreparable damage. Brandt has simply failed to show how the Department's letters, directing it to pay accrued back wages and penalties, constitutes irreparable harm. As we set out above, Brandt, in waiting for a declaration of his rights under the Act, has neither complied nor refused to comply with the Department's letters. Moreover, the Department has not initiated any enforcement or penalty proceedings against Brandt. Instead, we merely have one party asserting that it is owed money under the Act and the other saying that it does not owe money under the Act. A declaration as to the parties' obligations under the notice provision of the Act will in essence terminate the controversy between the parties. Thus, the same reasoning which supports the allowance of Brandt's declaratory judgment complaint defeats Brandt's request for injunctive relief. Therefore, in light of the facts that injunctions are not favored and Brandt has failed to present a valid allegation of irreparable damage, we find that the circuit court erred in denying the Department's motion to dismiss Brandt's complaint for injunctive relief.

Accordingly, we reverse the circuit court's denial of the Department's motion to dismiss as to Brandt's complaint for injunctive relief and vacate the circuit court's injunction order.

Notice

The Department's third claim on appeal asserts that the circuit court erred in determining that Brandt did not receive notice of the prevailing rate change. While the Department does not dispute Brandt's claim that the Cities failed to personally or directly notify Brandt of the rate change, it does argue that the posting of the rate change on the Department's website and at the

15

Department's main office qualifies as notice under section 4(d) of the Act. Brandt responds, arguing that the Act requires that the Cities provide actual notice to the contractor. Because this dispute presents us with a purely legal question, our review is *de novo*. *Wrobel v. Department of Employment Security*, 344 Ill. App. 3d 533, 536, 801 N.E.2d 29, 32 (2003).

The Act does not specifically define "notice." Moreover, section 4(d) does not define in what particular form or by which method "notice" must be given. The Department relies upon section 9 of the Act, however, in arguing that its publication is sufficient to satisfy section 4(d)'s directive that Brandt be "notified" of revisions in the prevailing wage rate by the affected public bodies. Section 9 of the Act states:

> "To effectuate the purpose and policy of this Act each
>
> public body shall, during the month of June of each calendar year,
>
> investigate and ascertain the prevailing rate of wages as defined in
>
> this Act and publicly post or keep available for inspection by any
>
> interested party in the main office of such public body its
>
> determination of such prevailing rate of wage and shall promptly
>
> file, no later than July 15 of each year, a certified copy thereof in
>
> the office of the Secretary of State at Springfield and the office of
>
> the Illinois Department of Labor." 820 ILCS 130/9 (West 2004).

The Department argues that this section demonstrates the legislature's intent that publication constitutes notice. We reject this assertion. Based upon the plain reading of section 4(d), we find that mere publication of prevailing rates does not satisfy a public body's statutory obligation to notify the contractor of the newly revised wage rate. Again, section 4(d) states:

16

"If the Department of Labor revises the prevailing rate of

hourly wages to be paid by the public body, the revised rate shall

apply to such contract, *and the public body shall be responsible to*

*notify the contractor and each subcontractor, of the revised rate.*"

(Emphasis added.)  820 ILCS 130/4(d) (West 2004).

Clearly, the above language places an affirmative obligation on all public bodies to notify the contractor that the prevailing wage has been revised.  It does not require the contractor to check the website or local postings of the Department or the other public bodies.  Such an interpretation would shift the obligation of notice from the public body to the contractor. Moreover, the stated public policy of the Act is to ensure that workers will be promptly paid at revised rates.  820 ILCS 130/1 (West 2004).  Requiring a contractor to in effect discover any changes in the rate cuts against that policy.  We therefore reject the Department's contention that publication satisfies the notice requirement found in section 4(d).  Instead, we find the public body is responsible for providing actual notice of the revised rate to the contractor.  The Cities here failed to provide such notice.

Accordingly, we affirm the circuit court's finding that Brandt did not receive "notice" of the revised rate as prescribed by the Act.

Summary Judgment

The Department's fourth and final contention on appeal asserts that the trial court erred in granting Brandt's motion for summary judgment.  We review an order granting a motion for summary judgment *de novo*.  *Winnetka Bank v. Mandas*, 202 Ill. App. 3d 373, 387-88, 559 N.E.2d 961, 969 (1990).  Summary judgment is proper where the pleadings, depositions and

17

admissions on file together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Winnetka Bank*, 202 Ill. App. 3d at 388, 559 N.E.2d at 969.

In granting Brandt's motion for summary judgment, the circuit court held that any penalties Brandt may owe under the Act are contingent upon notice from the Cities. Thus, the court held that because Brandt did not receive notice, it owed "nothing in penalties, interest or liquidated damages." The court, however, did not reach the issue of whether Brandt was liable for back wages resulting from the increased rate, instead, reserving this matter for further hearing. In the interest of judicial economy, we take up both issues.

The first issue calls for us to determine whether the Cities' failure to give Brandt notice of the revised rate relieves Brandt of the obligation to pay penalties under the Act. Section 11 states, in pertinent part:

> "Any laborer, worker or mechanic employed by the contractor or by any sub-contractor under him who is paid for his services in a sum less than the stipulated rates for work done under such contract, shall have a right of action for whatever difference there may be between the amount so paid, and the rates provided by the contract together with costs and such reasonable attorney's fees as shall be allowed by the court. Such contractor or subcontractor shall also be liable to the Department of Labor for 20% of such underpayments and shall be additionally liable to the laborer, worker or mechanic for punitive damages in the amount of

18

2% of the amount of any such penalty to the State for underpayments for each month following the date of payment during which such underpayment remain unpaid." 820 ILCS 130/11 (West 2004).

The above section illustrates that penalties under the act are considered "punitive damages." "Punitive damages are intended to punish the wrongdoer and to deter that party, and others, from [participating] in similar acts." *Deal v. Byford*, 127 Ill. 2d 192, 203, 537 N.E.2d 267, 272 (1989). Here, we find it wholly inequitable to punish Brandt for failure to pay a wage rate of which it received no notice. Without notice, Brandt cannot be considered a "wrongdoer." It merely paid its workers that which it believed was the existing prevailing rate. While Brandt's wage payments may have been deficient, this error was due to the Cities' failure to notify Brandt of the revised rate. We therefore find that the circuit court did not err in determining that, under the applicable statute, "Brandt, having not received any notice as to a revised prevailing wage, owes nothing in penalties, interest or liquidated damages." We make no finding as to the applicability of statutory interest pursuant to section 2-1303 of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2004)) as that question is outside the scope of our review here on declaratory judgment.

Accordingly, we affirm the judgment of the circuit court granting summary judgment to Brandt on the issue of whether it owes any penalties, interest or liquidated damages.

Our inquiry does not stop there, however. We are still left with the undecided question of whether the Cities' failure to give Brandt notice of the revised rate relieves Brandt from the obligation to pay the shortfall resulting from its failure to comply with the increased rate. As

19

discussed above, although the circuit court did not reach this issue, we take up this question in the interest of judicial economy.

Section 1 of the Act states:

> "It is the policy of the State of Illinois that a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed, shall be paid to all laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works."  820 ILCS 130/1 (West 2004).

Moreover, section 4(a) provides, in pertinent part:

> "[I]t shall be mandatory upon the contractor to whom the contract is awarded and upon any subcontractor under him, and where the public body performs the work, upon the public body, to pay not less than the specified rates to all laborers, workers and mechanics employed by them in the execution of the contract or such work." 820 ILCS 130/4(a) (West 2004).

Section 4(a) further requires public works project specifications and contracts to contain "a stipulation to the effect that not less than the prevailing rate of wages as found by the public body or the Department of Labor or determined by the court on review shall be paid to all laborers, workers and mechanics performing work under the contract."  820 ILCS 130/4(a) (West 2004).

It is well settled that the "fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Wisniewski v. Kownacki*, 221 Ill. 2d 453, 460, 851

20

N.E.2d 1243, 1247 (2006). Generally, the "best indication of [legislative] intent is the language of the statute, given its plain and ordinary meaning." *Wisniewski*, 221 Ill. 2d at 460, 851 N.E.2d at 1247. Upon review of the above statutory language, we find that a contractor is obligated to pay no less than the general prevailing hourly rate to its workers as determined by the Department of Labor. The plain language of section 4(d) dictates nothing less. Specifically, it states that "[i]f the Department of Labor revises the prevailing rate of hourly wages to be paid by the public body, the revised rate shall apply to such contract." 820 ILCS 130/4(d) (West 2004). We do not interpret the remaining language requiring the public body to also notify the contractor of the revised rate as placing a condition precedent upon the contractor's duty to pay the revised rate. Such an interpretation would effectively defeat the entire purpose behind the Act.

Accordingly, we find that the Cities' failure to give Brandt notice of the revised rate does not relieve Brandt from its obligation to pay wages at the revised increased rate. Therefore, because the circuit court did not reach this issue we remand this matter for a determination of the amount of back wages Brandt owes after applying the revised increased rate.

CONCLUSION

For the foregoing reasons: (1) We affirm the circuit court's decision denying the Department's motion to dismiss Brandt's complaint for declaratory relief; (2) We reverse the circuit court's decision denying the Department's motion to dismiss Brandt's complaint for injunctive relief and vacate its injunction order; (3) We affirm the circuit court's finding that Brandt did not receive "notice" of the revised rate as prescribed by the Act; (4) We affirm the judgment of the circuit court granting summary judgment to Brandt on the issue of whether it owes any penalties, interest or liquidated damages; (5) We, in the interest of judicial economy,

21

find that the Cities's failure to give Brandt notice of the revised rate does not relieve Brandt of its responsibility for all wages resulting from the increased rate; and (6) We remand this matter to the circuit court to determine the amount of unpaid wages Brandt owes after applying the revised increased rate.

Affirmed in part and reversed in part; cause remanded.

JUSTICE SCHMIDT, dissenting in part and concurring in part:

I concur except that I would find Brandt liable for back wages plus interest. This would make the workers whole without punishing Brandt. Not requiring interest to be paid on the back wages punishes the workers (who had nothing to do with the error that occurred) and gives Brandt a windfall by free use of the money that should have been paid to the workers. This remedy, I think, would most completely comport with the spirit of the Act without punishing

JUSTICE WRIGHT, dissenting:

Unlike the majority, I would hold the trial court initially correctly decided to dismiss the declaratory action on two grounds. First, the complaint did not allege Brandt exhausted all administrative remedies, as required by our supreme court in *Beahringer v. Page*, 204 Ill. 2d 363, 378 (2003). Second, the trial court's initial order correctly found the request for declarative relief was premature, consistent with this court's decision in *AEH Construction, Inc., v. Illinois Department of Labor*, 318 Ill. App. 3d 1158 (2001).

*AEH* specifically held a single notice of violation was not sufficient to divest the administrative agency of jurisdiction created by the legislature. *AEH*, 318 Ill. App 3d at 1163-64, citing *People ex rel. Fahner v. American Telephone & Telegraph Co.*, 86 Ill. 2d 479 (1981). In *AEH*, this court discussed the fact that no action results from a first notice of violation and

22

debarment consequences only follow a second notice. *AEH,* 318 Ill App 3d at 1164. As noted in *AEH*, the contractor may request a hearing after receiving a second notice of violation. *AEH,* 318 Ill App 3d at 1162. *If* the result of this hearing is unfavorable to Brandt, then the matter would be ripe for a request for injunctive relief and/or a request for a declaratory ruling. *AEH*, 318 Ill. App. 3d at 1164.

The following excerpt from the deposition of the corporate secretary for Brandt is illustrative. When asked the following question, Terrance L. Brandt responded:

> "Q. Are you aware of any debarment proceedings that are taking place as to, or brought by the Illinois Department of Labor against Brandt Construction?
>
> A. No."

As the excerpt above demonstrates, debarment is not imminent in this case. Accordingly, I would vacate the trial court's order granting summary judgment in favor of Brandt and reinstate the court's original order granting the Department of Labor's motion to dismiss.

Assuming, *arguendo*, the trial court correctly reconsidered its ruling, I would agree with the majority that trial court's order for injunctive relief should be reversed because Brandt failed to establish irreparable harm. I would also agree with the majority that punitive damages, costs, and attorney fees for the underpaid workers are not automatic and arise in addition to the Department of Labor's demand for payment. The trial court's ruling precluding punitive damages as a result of this action correctly interpreted the Prevailing Wage Act (820 ILCS 130/1 *et seq.* (West 2004)).

I also wholeheartedly agree with the majority that strict construction of the Prevailing Wage Act requires payment of the current prevailing wages, regardless of notice. However, I

respectfully submit that strict construction also mandates the statutory 20% penalty, regardless of notice in this case. In my opinion, based on statutory construction and the unique facts of this case, neither the wage rate nor the penalty for underpayment is statutorily dependent on notice.

The unique circumstances of this case include the fact that the prevailing wage rate adopted by ordinance for the City of Rock Island and the City of Moline was the rate set by annual review each June for the County of Rock Island by the Illinois Department of Labor. See 820 ILCS 130/9 (West 2004). The record is silent as to whether the Village of Milan had a similar ordinance.

Brandt does not deny it violated the Prevailing Wage Act by failing to pay the correct prevailing wages for each city project, which by city ordinance adopted the county rate. Interestingly, Brandt has not claimed it was unaware the Department of Labor raised the county rate as a result of the annual statutory review. However, based on a strict construction of section 4 of the Prevailing Wage Act, Brandt carefully argues the absence of "actual notice" dispatched from each city to Brandt excuses Brandt's failure to pay the correct prevailing wages to laborers.

Section 4 of the Prevailing Wage Act provides, in relevant part:

> "If the Department of Labor revises the prevailing rate of hourly wages to be paid by the public body, the revised rate shall apply to such contract, and the public body shall be responsible to notify the contractor and each subcontractor, of the revised rate." 820 ILCS 130/4 (West 2004).

Strict statutory construction defeats Brandt's argument regarding notice. Importantly, the *County* of Rock Island was not the public body applying the revised rate to these contracts. I believe the "public body" responsible for notice pursuant to section 4 of the Prevailing Wage Act,

24

refs to the public body that authorized each project and engages the labor forces; specifically, the City of Moline, the City of Rock Island, and the Village of Milan. Since the Department of Labor did not review or revise the city rates, the cities had no duty to notify.

In this case, the Department of Labor revised Rock Island County's wage rate by annual review pursuant to statute. Neither the Department of Labor nor the cities took any action to adjust the prevailing wage ordinance for the cities of Moline or Rock Island, which automatically mirror the county rate. It is illogical to require each city to notify Brandt of a wage rate increase that statutorily applies only to projects for the County of Rock Island. I believe reliance on section 4 to require the cities to provide notice is misplaced but my voice is singular in this regard.

I next turn to the issue of the attendant penalties arising from an underpayment of prevailing wages. Section 11 of the Prevailing Wage Act provides, in relevant part, that "Such contractor or subcontractor *shall* also be liable to the Department of Labor for 20% of such underpayments ***." (Emphasis added.) 820 ILCS 130/11 (West 2004). Underpayment triggers swift and specific nondiscretionary penalties. Given Brandt's undisputed underpayment to its workers in this case, the statute mandates payment of 20% to the Illinois Department of Labor. This is a finite amount set by statute.

I am not troubled that the 20% penalty automatically accrues when the Illinois Department of Labor reviews payroll records, finds the current prevailing wages were underpaid, and demands statutory compliance. The Prevailing Wage Act also requires the contractor to stay abreast of and post the current wage rates at the work site for the workers' edification. 820 ILCS 130/4 (West 2004). A contractor's failure to post the current prevailing wage rate is a violation of the Act, and this duty is not dependent upon notice from any public body. The legislature has built layers of

25

opportunities for the current prevailing wage rate to be readily accessible to those wishing to stay informed, including a voluntary mailing list for interested employers and other persons.

Without the risk of automatic penalties, contractors can afford to gamble on a windfall occurring when any public body, preoccupied with the business of governing, overlooks notice to a contractor, who nonetheless may be very well aware of the revised prevailing wages from other sources of information or other current projects in the county. The record shows Rock Island County published the current prevailing wage monthly.

In this case, years later, Brandt admits its workers have yet to be fully paid according to the applicable prevailing wage rate. Brandt underpaid more than $23,000 in wages for laborers who worked on four separate public works projects, located in three separate municipalities, subject to four separate contracts signed over the course of six months. Significantly, Brandt was concerned other violations would be discovered. If the prevailing wage rate in this case had been revised downward, one questions whether Brandt would have delayed adjusting the payroll based on the absence of notice from each city.

Assuming, *arguendo*, that the majority is correct and a declaratory judgment action was appropriate at this juncture, I respectfully disagree with the determination that the 20% penalty is improper. However, I respectfully dissent primarily because I believe the trial court's initial decision to dismiss the complaint was correct. I would, accordingly, vacate the order reconsidering the motion to dismiss and leave all other matters for our consideration, if necessary, after the administrative remedies have been exhausted.