# Illinois Official Reports

## Appellate Court

---

### *Topinka v. Kimme*, 2017 IL App (1st) 161000

---

| | |
|---|---|
| Appellate Court Caption | JOSEPH BAAR TOPINKA, Individually and in His Capacity as Executor of the Estate of Judy Baar Topinka, Plaintiff-Appellant, v. NANCY KIMME, Individually and in Her Capacity as Chairman of Citizens for Judy Baar Topinka; BRADLEY A. BURNETT, Individually and in His Capacity as Treasurer of Citizens for Judy Baar Topinka; and CITIZENS FOR JUDY BAAR TOPINKA, a Political Committee, Defendants-Appellees. |
| District & No. | First District, Third Division <br> Docket No. 1-16-1000 |
| Filed | March 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-18684; the Hon. Anna H. Demacopoulos, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Anthony J. Peraica, Timothy Sprague, and Jennifer M. Hill, of Anthony J. Peraica & Associates Ltd., of Chicago, for appellant. <br><br> Michael J. Kasper, of Chicago, and K. Austin Zimmer, of Del Galdo Law Group LLC, of Berwin, for appellees. |
| Panel | JUSTICE COBBS delivered the judgment of the court, with opinion. Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment and opinion. |

**OPINION**

¶ 1      This case arises from the circuit court's grant of defendants Nancy Kimme, Citizens for Judy Baar Topinka (Committee), and Bradley A. Burnett's motion to dismiss plaintiff Joseph Baar Topinka's complaint pursuant to section 2-619(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(1) (West 2014)). The trial court found that it lacked subject-matter jurisdiction because plaintiff's claims stem from alleged violations of the Illinois Election Code, and therefore, the State Board of Elections (Board) has exclusive jurisdiction over these claims. The trial court further explained that these claims could never properly be heard in the circuit court because appeals from decisions of the Board bypass the circuit court and are heard directly by the appellate court. On appeal, plaintiff contends that the court erred in granting defendants' motion to dismiss because it had subject-matter jurisdiction, he has standing to proceed with the litigation, and his claims have merit. We affirm.

¶ 2                                                    BACKGROUND

¶ 3      The following facts were established in the record. The Committee was created in 1970 to support the various political campaigns of Judy Baar Topinka (Topinka). In December 2014, Topinka died unexpectedly while serving as Illinois State Comptroller. On December 31, 2014, the Committee's fund had approximately $993,834.00. The Committee's statement of organization, which was written prior to Topinka's death, provided that upon dissolution any remaining funds would be donated to the Riverside Township Regular Republican Organization.

¶ 4      On December 29, 2015, plaintiff, individually and as executor of Topinka's estate, filed a complaint alleging that he was entitled to $341,618.52 of the Committee's funds. He specifically alleged that he must receive these funds because the State Gift Ban Act[1] prohibits political committee expenditures for the personal use of a public official or the official's family member but makes an exception for funds that were available as of June 30, 1998. He asserted that as of June 30, 1998, the Committee had $341,618.52 in its fund and therefore it was required to remit that amount of money to him. Notably, plaintiff did not allege that Topinka ever requested these funds or that he had requested these funds from the Committee and was denied.

¶ 5      Plaintiff additionally alleged that Kimme misappropriated the Committee's funds. Specifically he alleged that after December 10, 2014, there was no work to be done by the Committee but Kimme nevertheless paid herself $25,000 on January 10, 2015, and that an August 7, 2015, check for $63,807.22, which was made out to cash, was endorsed by Kimme. Thus, he argued, Kimme misappropriated $88,807.22 of the Committee's funds for personal use. Plaintiff requested that all remaining committee funds be held in a constructive trust and

_____

[1]The State Gift Ban Act (5 ILCS 425/1 to 999 (West 2002)) was repealed in 2003. Pub. Act 93-617, § 85 (eff. Dec. 9, 2003). The exception for funds that were available as of June 30, 1998, is contained in section 9-8.10(a) of the Election Code. 10 ILCS 5/9-8.10(a) (West 2014). The exception was added to article 9 of the Election Code at the same time the State Gift Ban Act was created. See Pub. Act 90-737 (eff. Jan. 1, 1999) (creating the State Gift Ban Act (5 ILCS 425/1 to 999) and adding section 9-8.10 to the Election Code (10 ILCS 5/9-8.10)).

that no further expenditures be made until the rights of the parties were determined. He maintained that it would be inequitable for defendants to retain possession of the funds. Plaintiff also requested a declaratory judgment that:

"a. Nancy Kimme did not have the right to expend [the Committee's] funds to herself and/cash;

b. Nancy's Kimme shall no longer have the right to make decisions as to the expenditure of [the Committee's] funds;

c. $341,618.52 of [the Committee's] fund qualifies to be transferred to [plaintiff], individually or as executor of the Estate of Judy Baar Topinka;

d. $341,618.52 of [the Committee's] fund is to be transferred to [plaintiff], individually or as executor of the Estate of Judy Baar Topinka;

e. For any such other and further relief as this Honorable Court deems just and proper."

Thereafter, defendants filed a section 2-619 motion to dismiss, asserting that the court lacked subject-matter jurisdiction. The court granted their motion and explained that these claims must be brought before the Board.

¶ 6                                          ANALYSIS

¶ 7     The primary issue to be decided in this appeal is whether the circuit court had subject-matter jurisdiction to hear plaintiff's claims that he was entitled to a portion of the Committee's funds and that Kimme misappropriated funds. Plaintiff contends that the circuit court erred in granting the motion to dismiss because the Board does not have the authority to question the propriety of the Committee's disbursals, the condition precedent to the Board's authority was not triggered because he did not file a complaint with the Board, and that the Board's authority to conduct hearings is limited to only sections 9-8.5 and 9-10 of the Election Code. Thus, he argues, the circuit court had general subject-matter jurisdiction. Defendants respond that the circuit court did not have subject-matter jurisdiction because plaintiff's claims allege violations of the Election Code and should have been brought before the Board.

¶ 8     A motion to dismiss filed pursuant to section 2-619 of the Code admits the legal sufficiency of the complaint, but asserts an affirmative matter that avoids or defeats the claim. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 20. A defendant may motion for involuntary dismissal where "the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2014). Whether a circuit court has subject-matter jurisdiction to hear a claim is a question of law, which we review *de novo*. *McCormick v. Robertson*, 2015 IL 118230, ¶ 18.

¶ 9     " '[S]ubject matter jurisdiction' refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). Generally, the circuit court's jurisdiction is conferred by our constitution, which provides that the circuit court has jurisdiction to hear all justiciable matters except where our supreme court has original exclusive jurisdiction. Ill. Const. 1970, art. VI, § 9. The circuit court's power to review administrative actions, however, is conferred by statute. *Id.* ("Circuit Courts shall have such power to review administrative action as provided by law."); *Belleville Toyota, Inc.*, 199 Ill. 2d

at 334. Where the court is exercising this special statutory jurisdiction, its jurisdiction is limited to strict compliance with statute. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985). Further, the legislature may "vest original jurisdiction in an administrative agency when it enacts a comprehensive statutory scheme that creates rights and duties that have no counterpart in the common law or equity." *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 23.

¶ 10        The Election Code comprehensively governs political committee funds and sets forth a procedure to adjudicate disputes involving expenditures. See 10 ILCS 5/art. 9 (West 2014). Thus, the legislature vested the Board with original jurisdiction to hear such claims. The Election Code provides, *inter alia*:

> "(a) A political committee shall not make expenditures:

> * * *

> (3) For satisfaction or repayment of any debts other than loans made to the committee or to the public official or candidate on behalf of the committee or repayment of goods and services purchased by the committee under a credit agreement. Nothing in this Section authorizes the use of campaign funds to repay personal loans. ***

> * * *

> (11) For payments to a public official or candidate or his or her family member unless for compensation for services actually rendered by that person. The provisions of this item (11) do not apply to expenditures by a political committee in an aggregate amount not exceeding the amount of funds reported to and certified by the State Board or county clerk as available as of June 30, 1998, in the semi-annual report of contributions and expenditures filed by the political committee for the period concluding June 30, 1998." 10 ILCS 5/9-8.10(a) (West 2014).

The Election Code also contemplates the dissolution of a committee and dictates the permitted uses of remaining funds. 10 ILCS 5/9-5 (West 2014). When a committee dissolves or becomes inactive:

> "all contributions in its possession, after payment of the committee's outstanding liabilities, including staff salaries, shall be refunded to the contributors in amounts not exceeding their individual contributions, or transferred to other political or charitable organizations consistent with the positions of the committee or the candidates it represented. In no case shall these funds be used for the personal aggrandizement of any committee member or campaign worker." *Id.*

The Board is authorized to investigate any alleged violation of section 9-8.10, levy fines, and render rulings and issue opinions related to compliance. 10 ILCS 5/9-8.10(b) (West 2014). In addition, the Board may hold investigations and hearings on any matter covered by article 9 (10 ILCS 5/9-18 (West 2014)) and any person who believes a violation of article 9 has occurred may file a verified complaint with the Board (10 ILCS 5/9-20 (West 2014)).

¶ 11        Plaintiff's complaint essentially alleged three claims: (1) he was entitled to $341,618.52 of the Committee's funds pursuant to the State Gift Ban Act; (2) Kimme misappropriated a total of $83,807.22 of the Committee's funds for personal use in violation of the Election Code; and (3) conversion based upon the same alleged misappropriation of Committee funds. Plaintiff also requested that the court create a constructive trust because "it would be inequitable for

Defendants to retain possession of funds wrongfully appropriated from the account as well as of the funds remaining in the account" and a declaratory judgment in his favor.

¶ 12    Each allegation is based on provisions in the Election Code. Despite plaintiff's assertion that he was entitled to funds under the State Gift Ban Act (5 ILCS 425/1 to 999 (West 2002)), that act was repealed in 2003. Pub. Act 93-617, § 85 (eff. Dec. 9, 2003). The language regarding funds that were available as of June 30, 1998, does appear in the Election Code, however, and was effective at the time of Topinka's death and the filing of plaintiff's complaint. 10 ILCS 5/9-8.10(a) (West 2014). Thus, any argument that plaintiff is entitled to these funds invokes the Election Code. Under the Election Code, the Board is explicitly authorized to "hold investigations, inquiries, and hearings concerning any matter covered by [article 9]," which includes the provision on pre-June 30, 1998, funds. Moreover, to the extent that plaintiff contends that the Committee must pay him $341,618.52 pursuant to section 9-8.10, the Election Code makes clear that the Board has the authority to investigate violations of this specific provision and issue rulings and opinions. 10 ILCS 5/9-8.10(b) (West 2014). Therefore, it is obvious that the Board was authorized to hear plaintiff's claim.

¶ 13    Additionally, plaintiff's claims for conversion and that Kimme misappropriated Committee funds explicitly allege violations of the Election Code. Plaintiff's contentions are based on the Election Code's prohibition of the use of committee funds for personal purposes when a committee dissolves. 10 ILCS 5/9-5 (West 2014). The Election Code's plain language expressly gives the Board the power to determine whether a particular expenditure was improper. 10 ILCS 5/9-8.10, 9-18 (West 2014). Thus, it is unquestionable that the Board was authorized to decide whether Kimme misappropriated funds. We note that plaintiff's reliance on *Troy v. State Board of Elections*, 84 Ill. App. 3d 740 (1980) for the proposition that the Board does not have authority to review the propriety of expenditures is misplaced. The Election Code was amended after *Troy* was decided but prior to Topinka's death to add section 9-8.10, which prohibits certain expenditures and contains express language authorizing the Board to review expenditures for whether they violate section 9-8.10. 10 ILCS 5/9-8.10(b) (West 2014). See Pub. Act 90-737, § 220 (eff. Jan. 1, 1999). In addition, section 9-18 authorizes the Board to hold hearings involving any section of article 9. 10 ILCS 5/9-18 (West 2014).

¶ 14    Next, plaintiff maintains that his request for a declaratory judgment removes his claims from the purview of the Board and allows him to avail himself of the circuit court because the Board cannot grant him a declaratory judgment. We disagree for two reasons. First, a party cannot seek a declaratory judgment where, as here, the legislature has authorized an agency to adjudicate a claim. *AEH Construction, Inc. v. Department of Labor*, 318 Ill. App. 3d 1158, 1163 (2001). It must exhaust its administrative remedies prior to judicial review. *Id.* Second, to the extent that expenditures after Topinka's death were suspect because Topinka was no longer living, these claims would be appropriately brought before the Board as alleged violations of the Election Code. In fact, plaintiff's own contention is that the postdeath expenditures were illegal because they were made for Kimme's "personal use," which section 9-5 explicitly prohibits. 10 ILCS 5/9-5 (West 2014).

¶ 15    Although not cogently asserted in his complaint, plaintiff additionally argues in his reply brief that he was seeking a declaratory judgment regarding the manner and time by which a political committee must dissolve after a candidate's death, which he could not obtain from the Board. We find this argument unpersuasive. The Election Code sufficiently sets forth the

actions of a committee that are permitted, prohibited, or required. If a committee can no longer carry out its stated purpose in its statement of organization (see 10 ILCS 5/9-3 (West 2014)) or comply with other provisions of the Election Code because of a candidate's death, then it will inevitably become inactive, dissolve, or ultimately violate the Election Code, which would implicate the relevant Election Code provisions.

¶ 16 Accordingly, the court did not err in finding that it did not have subject-matter jurisdiction to hear plaintiff's claims. The legislature vested the Board with original jurisdiction over alleged improper expenditures by a political committee. Plaintiff cannot defeat the Board's authority simply by refusing to trigger the "condition precedent" of filing a complaint before it and instead filing his claims in the circuit court. In fact, as the lower court noted, the Election Code mandates that judicial review of the Board's decisions are to be heard directly by the appellate court. 10 ILCS 5/9-22 (West 2014). Thus, plaintiff's claims could never properly be heard by the circuit court.

¶ 17 As we have concluded that the circuit court lacked subject-matter jurisdiction, we need not address whether plaintiff had standing to bring these claims. We note in passing, however, that "[a]ny person who believes a violation of [article 9] has occurred may file a verified complaint with the Board." 10 ILCS 5/9-20 (West 2014). We also do not reach the merits of whether he is entitled to funds held by the Committee as of June 30, 1998, or whether Kimme misappropriated funds. Such determinations must first be made by the Board.

¶ 18                                CONCLUSION

¶ 19 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 20 Affirmed.